

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
08/21/2019

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WEATHERLY OIL & GAS, LLC,[1] | § | Case No. 19-31087 (MI) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

**ORDER APPROVING DEBTOR'S MOTION (A) AUTHORIZING THE SALE OF THE DEBTOR'S BETHANY LONGSTREET ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO DEA BETHANY, L.L.C., (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (C) GRANTING RELATED RELIEF**
[Relates To ECF No. 571]

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession

for entry of an order (this "Order"), (a) approving the form of Purchase and Sale Agreement by

and between Weatherly and DEA Bethany, L.L.C. (the "Buyer" or "DEA"), attached hereto as

**Exhibit 1** (the "PSA"), which provides for (a) the sale of certain of the Debtor's Bethany

Longstreet Field, De Soto and Caddo Parish, Louisiana oil and gas assets identified as the "Assets"

in the PSA (the "Bethany Longstreet Assets") to Buyer in a private sale free and clear of all liens,

claims, interests, and encumbrances (as more fully defined in paragraph 6 below, the "Liens,

Claims, and Interests") to the fullest extent permitted by § 363(f) of the Bankruptcy Code (the

"Sale"); and (b) authorizing the assumption and assignment of certain executory contracts and

unexpired leases associated with the Bethany Longstreet Assets, and (c) granting other related

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Weatherly Oil & Gas, LLC (4115).  The Debtor's service address is:  10777 County Road 210, Tyler, Texas, 75707.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief, all as more fully set forth in the Motion; and upon the Johnson Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was given to all parties entitled to such notice under the Bankruptcy Code and Bankruptcy Rules, is appropriate under the circumstances, and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

### General Provisions

1.      Omitted.

2.      All objections to the Motion or relief requested therein, if any, that have not been withdrawn, waived, or settled as announced to this Court at the Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

### Approval of the Sale

3.      The PSA is hereby approved, and the Debtor is authorized to take any and all actions necessary or appropriate to consummate the Sale.

4.     The Debtor has satisfied all requirements of §§ 363(b) and 363(f) of the Bankruptcy Code, and all other requirements and standards applicable to a sale outside the ordinary course of business, free and clear of all Liens, Claims, and Interests.

## Sale and Transfer of Bethany Longstreet Assets

5.     Pursuant to §§ 105 and 363(b) of the Bankruptcy Code, the Debtor, and its directors, officers, employees, and agents have the necessary corporate power and are authorized and directed to take any and all actions necessary to: (a) consummate the Sale of the Bethany Longstreet Assets to the Buyer pursuant to and in accordance with the terms and conditions of the PSA, (b) close the Sale of the Bethany Longstreet Assets as contemplated by the PSA and this Order, and (c) execute and deliver, perform under, consummate, implement, and close fully the PSA, together with all documents, instruments, and agreements necessary or appropriate to consummate the transaction pursuant to the PSA.

6.     Pursuant to §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer, and upon the Closing shall have transferred, all of the Debtor's right, title, and interest in and to, and possession of, the Bethany Longstreet Assets to Buyer, which shall be immediately vested in Buyer, and, to the extent provided in the PSA, such title to the Bethany Longstreet Assets shall be transferred to Buyer free and clear of all Liens, Claims, and Interests, including:

- liens (including, without limitation, mechanics', materialmens', and other consensual and non-consensual liens and statutory liens) mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, demands, encumbrances, easements, and servitudes (including, without limitation, the liens, claims, encumbrances, interests, and mortgages of Angelo, Gordon Energy Servicer, LLC);

- interests, obligations, liabilities, demands, guaranties, options, restrictions, and contractual or other commitments;

- rights, including, without limitation, rights of first refusal, rights of offset (except for offsets exercised prior to the Petition Date), contract rights, and recovery;

- decrees of any court or foreign or domestic government entity (to the extent permitted by law);

- charges or restrictions of any kind or nature, including, without limitation, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership of the Bethany Longstreet Assets, including, without limitation, consent of any Person to assign or transfer any of the Bethany Longstreet Assets;

- debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor or any of the Debtor's predecessors or affiliates;

- claims (as that term is defined in the Bankruptcy Code), including claims for reimbursement, contribution claims, indemnity claims, exoneration claims, alter-ego claims, environmental claims (to the fullest extent allowed by applicable law), including claims that may be secured or entitled to priority under the Bankruptcy Code, tax claims, reclamation claims, and pending litigation claims;

- matters of any kind or nature whatsoever, whether at law or in equity and whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or nonmaterial, disputed or undisputed, whether arising prior to or during the Debtor's bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise.

All such Liens, Claims, and Interests shall attach to the proceeds of the Sale of the Bethany Longstreet Assets (the "Cash Proceeds") in the order of their priority, with the same validity, force, and effect that they had against the Bethany Longstreet Assets prior to entry of this Order, subject to any claims and defenses that the Debtor may possess with respect thereto. The Cash Proceeds of the Sale authorized by this Order shall be remitted to the Debtor and shall be subject to the terms of the *Final Order Authorizing Limited Use of Cash Collateral, Obtaining Post-Petition Financing Secured by Senior Liens, and Granting Adequate Protection to Prepetition Secured Parties* [ECF

No. 180] (the "Final Financing Order").  The Buyer shall not assume and is not liable for any liabilities arising from the Excluded Assets (as defined in the PSA).

7.    This Order shall be binding in all respects upon the Debtor, its estate, its affiliates, its creditors (whether known or unknown), and holders of equity interests in the Debtor, any holders of Liens, Claims, and Interests against or on all or any portion of the Bethany Longstreet Assets, all counterparties to the Contracts, Buyer and all of their successors and assigns.  This Order and the PSA shall inure to the benefit of the Debtor and its estate, Buyer, and their respective successors and assigns.

8.    This Order shall be effective as a determination that, pursuant to the PSA, all Liens, Claims, and Interests (except as provided under the PSA), have been unconditionally released, discharged and terminated as to the Buyer and the Bethany Longstreet Assets.  This Order is binding upon and shall govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale contemplated by the PSA.

9.    Following entry of the Order, no holder of any Lien, Claim, or Interest in the Bethany Longstreet Assets (except to the extent provided under the PSA solely in accordance with applicable law) shall interfere with the Buyer's title to, or use and enjoyment of, the Bethany

Longstreet Assets based on, or related to, any such Lien, Claim or Interest, or based on any actions the Debtor may take in this case.

10.     Persons, including, without limitation, the Debtor, all holders of Liens, Claims, or Interests (other than as provided under the PSA) or other rights, debt security holders, equity security holders, governmental, tax and regulatory authorities (as to governmental, tax and regulatory authorities, to the greatest extent allowed by applicable law), lenders and trade and other creditors holding and/or asserting claims (as that term is defined in the Bankruptcy Code) including, but not limited to, claims arising out and/or related to the Sale of the Bethany Longstreet Assets (except for any claims arising pursuant to the PSA), and/or Liens, Claims, or Interests arising in any way in connection with any acts, or failure to act, of the Debtor, obligations, demands or guaranties, of any kind and nature against or in the Debtor or the Bethany Longstreet Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with or in any way relating to the Debtor, the Bethany Longstreet Assets, the operation of the Debtor's business prior to the Effective Time, or the transfer of the Bethany Longstreet Assets to the Buyer, hereby are, and will be, forever barred, estopped and permanently enjoined from asserting such Liens, Claims, or Interests against Buyer, its successors or assigns, or its property, including the Bethany Longstreet Assets.  Nothing in this Order releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit, to which the Buyer may be subject to as the post-sale owner or operator of any property that is an Asset (as defined in the PSA) after the date of entry of this Order; *provided, however*, that all rights and defenses of the Buyer under nonbankruptcy law are preserved.  Nothing in this Order or the PSA authorizes the transfer or assignment of any governmental (i) license, (ii) permit, (iii) registration, (iv) authorization, or (v)

approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and required approvals, if any, under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

11.     Upon entry of this Order, all creditors and any other holder of a Lien, Claim or Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Lien, Claim, or Interest in the Bethany Longstreet Assets (except to the extent provided in the PSA).  If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's liens, *lis pendens* or other documents or agreements evidencing Liens, Claims or Interests against the Bethany Longstreet Assets has not delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Bethany Longstreet Assets or otherwise, then with regard to the Bethany Longstreet Assets: (i) the Debtor is hereby authorized, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Bethany Longstreet Assets; and (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims, and Interests (except to the extent provided under the PSA) against the Bethany Longstreet Assets.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA, including, without limitation, recordation of this Order.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each

and every federal, state or local government agency, department or office.  This Order shall be binding upon and shall govern the acts of all persons including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of such assets or other property interests.  Notwithstanding and without limiting the foregoing, the provisions of this Order authorizing the Sale of the Bethany Longstreet Assets free and clear of Liens, Claims and Interests (except to the extent provided in the PSA), shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

12.     The Buyer is not and shall not be deemed a "successor" to the Debtor or its estate, or to have, *de facto* or otherwise, merged with or into the Debtor or be a mere continuation or substantial continuation of the Debtor or the enterprise of the Debtor under any theory of law or equity as a result of any action taken in connection with the PSA or any of the transactions or documents ancillary thereto or contemplated thereby or in connection with the acquisition of the Bethany Longstreet Assets.  The Buyer has given substantial consideration under the PSA, which consideration shall constitute valid, valuable, and sufficient consideration for the absolution from any potential claims of successor liability of the Buyer to the greatest extent allowed by applicable law.

**Good Faith**

13.     The PSA and all related documents, instruments and agreements were negotiated, proposed and entered into by the Debtor and the Buyer at arm's length, without collusion, and in good faith within the meaning of § 363(m) of the Bankruptcy Code.  The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code § 101(31).  The Buyer is a good faith purchasers and entitled to all of the protections of § 363(m) of the Bankruptcy Code.  The good faith finding is necessary under the Sale and the Sale cannot proceed without it.

**Assumption and Assignment of the Assumed Contracts**

14.     Pursuant to §§ 105(a), 363(b)(1), and 365(a) of the Bankruptcy Code, the Debtor's Sale, assumption, and assignment of the Assumed Contracts to Buyer is approved, and the requirements of § 365(b)(1) of the Bankruptcy Code with respect thereto are deemed satisfied.  All requirements and conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to Buyer of the Assumed Contracts have been satisfied.  The Debtor is hereby authorized to (i) assume and assign to Buyer, effective as of the Effective Time, the Assumed Contracts free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever, other than to the extent provided under the PSA, and (ii) execute and deliver to Buyer such documents or other instruments as Buyer reasonably deems necessary to assign and transfer the Assumed Contracts to Buyer.  Buyer has provided adequate assurance of future performance of their obligations under the Assumed Contracts.  Upon entry of this Order, all cure amounts applicable to the Assumed Contracts, as listed on **Exhibit 2**, will be paid in accordance with the Final Financing Order, or any other order with respect to debtor in possession financing or the Debtor's use of cash collateral.

15.     The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of Buyer in accordance with its terms, notwithstanding any provision in any such

contract that prohibits, restricts, or conditions such assignment or transfer pursuant to § 365(f) of the Bankruptcy Code.  There shall be no accelerations, assignment fees, increases, or any other fees charged to Buyer or the Debtor as a result of the assumption and assignment of the Assumed Contracts.

## **Approval and Payment of the EnergyNet Fee**

16.    The Debtor is authorized to pay the EnergyNet Fee as provided in the EnergyNet Agreement as they relate to the Sale.  EnergyNet's commission of $22,000 shall be deducted from the proceeds of the Sale.

17.    To the extent there is inconsistency between the terms of the EnergyNet Agreement and this Order, the terms of this Order shall govern.

## **Additional Provisions**

18.    Nothing in this Order, the Sale Motion, the PSA, or any implementing documents releases, nullifies, limits, waives or precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order, the Sale Motion, the PSA, or any implementing documents authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in this Order, the Sale Motion, the PSA, or implementing documents divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

19.    Nothing in this Order shall be deemed a waiver of any rights, remedies or defenses that any party has or may have under applicable bankruptcy and non-bankruptcy law, under any

related agreements or any letters of credit relating thereto, or any rights, remedies or defenses of the Debtor with respect thereto.

20.     To the extent that any provision of this Order is inconsistent with the terms of the PSA, the Order shall govern.

21.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23.     The requirements set forth in Bankruptcy Local Rule 9013-1 and the Complex Case Procedures are satisfied by the contents of the Motion.

24.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

25.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: August 21, 2019

Marvin Isgur
United States Bankruptcy Judge

# **EXHIBIT 1**

## **PSA**

*Execution Version*

**PURCHASE AND SALE AGREEMENT**

**by and between**

**WEATHERLY OIL & GAS, LLC**

**as Seller**

**and**

**DEA BETHANY, L.L.C.**

**as Buyer**

**dated**

**August [●], 2019**

UNLESS AND UNTIL AN AUTHORIZED REPRESENTATIVE OF SELLER OR ITS AFFILIATES AND AN AUTHORIZED REPRESENTATIVE OF BUYER OR ITS AFFILIATES EXECUTES A DEFINITIVE AGREEMENT FOLLOWING FINAL MANAGEMENT APPROVAL, NONE OF SELLER OR ITS AFFILIATES OR BUYER OR ITS AFFILIATES HAS ANY OBLIGATION (LEGAL OR OTHERWISE) TO CONCLUDE A TRANSACTION.   UNLESS INCLUDED IN A DEFINITIVE AGREEMENT, COMMUNICATIONS (WRITTEN OR ORAL) SHALL NOT CREATE ANY OBLIGATIONS WHATSOEVER ON SELLER OR ITS AFFILIATES, OR BUYER, OR ITS AFFILIATES AND NO PARTY MAY RELY ON THEM AS THE BASIS FOR TAKING ANY ACTION, FOREGOING ANY ACTION OR OPPORTUNITY OR INCURRING ANY COSTS.  SELLER AND ITS AFFILIATES RESERVE THE RIGHT TO REJECT ANY OR ALL PROPOSALS FOR ANY REASON WHATSOEVER AND TO ACCEPT ANY ONE OR MORE PROPOSALS. SELLER AND BUYER AGREE TO NEGOTIATE SUCH PROPOSALS IN ANY MANNER SELLER OR ITS AFFILIATES OR BUYER OR ITS AFFILIATES DEEMS APPROPRIATE.

<u>**PURCHASE AND SALE AGREEMENT**</u>

This PURCHASE AND SALE AGREEMENT (this "***Agreement***") is executed as of August [●], 2019 (the "***Execution Date***"), by and between Weatherly Oil & Gas, LLC, a Delaware limited liability company ("***Seller***"), and DEA Bethany, L.L.C., a Louisiana limited liability company ("***Buyer***").  Seller and Buyer are referred to herein as a "***Party***", and Seller and Buyer, collectively, as the "***Parties***".

**RECITALS**

**WHEREAS**, Seller is engaged in the business of onshore oil and natural gas exploration, development and production in the United States of America, and owns, in varying proportions, certain oil and gas leases and associated assets and interests more particularly described in this Agreement as the "Assets" (as defined below);

**WHEREAS**, on February 28, 2019, Seller commenced a voluntary case and is a debtor-in-possession of the Assets under chapter 11 of the Bankruptcy Code, pending as Case No. 19-31087 in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***");

**WHEREAS**, Seller desires to sell and assign to Buyer, and Buyer desires to purchase from Seller, the Assets upon the terms and conditions hereinafter set forth;

**WHEREAS**, the Parties intend to effectuate the transactions contemplated by this Agreement through a sale of assets pursuant to sections 105, 363 and 365 of the Bankruptcy Code (as hereinafter defined), as applicable;

**WHEREAS**, the Parties acknowledge and agree that the terms of this Agreement are the result of arm's length negotiations following a competitive marketing and bidding process conducted by EnergyNet.com, Inc. ("***EnergyNet***"); and

**WHEREAS**, Seller's ability to consummate the transactions set forth in this Agreement is subject to, among other things, the entry of the Sale Order (as hereinafter defined) by the Bankruptcy Court;

**NOW, THEREFORE**, for and in consideration of the mutual promises contained herein, the benefits to be derived by each Party hereunder, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer agree as follows:

1.      <u>**Certain Defined Terms**</u>.  Any capitalized term used but not defined within the body of this Agreement shall have the meaning ascribed to that term in <u>Appendix I</u> attached hereto.

2.      <u>**Assets**</u>.  Subject to the terms of this Agreement, Seller agrees to sell to Buyer, and Buyer agrees to purchase from Seller, all of Seller's rights, title and interests in and to the following, except to the extent constituting Excluded Assets (all of Seller's rights, title and interest in and to such assets, less and except the Excluded Assets, collectively, the "***Assets***"): (a) all oil and gas leases and oil, gas and mineral leases, subleases and other leaseholds, royalties, overriding royalties, net profits interests, production payments, carried interests, options and other rights to Hydrocarbons in place, in each case, whether producing or non-producing, as more particularly described in <u>Exhibit A-1</u> (collectively, the "***Leases***"), together with (A) any and all other rights, titles and interests of Seller in and to the lands covered or burdened thereby, and (B) all other interests of Seller of any kind or character in and to the Leases; (b) all presently existing unitization, pooling and/or communitization agreements, orders, declarations or designations and statutorily, judicially or administratively created drilling, spacing and/or production units, whether recorded or unrecorded, insofar as the same are attributable or allocated to the Leases, and all of

Seller's interest in and to the properties covered or such units created thereby (collectively, the "***Units***"; and, together with the Leases, the "***Oil and Gas Interests***"); (c) all wells located upon the Leases or Units or otherwise used in connection with the ownership or operation of the Assets, whether plugged and abandoned, including the wells set forth in <u>Exhibit A-2</u> (the "***Wells***" and together with the Oil and Gas Interests, the "***Properties***"); (d) all easements, surface leases, permits, licenses, servitudes, rights of way, surface use agreements and all other rights and appurtenances located on or primarily used in connection with the Properties (the "***Surface Rights***"); (e) all tangible personal, movable and mixed property, equipment, machinery, fixtures and improvements, including all injection wells, salt water disposal facilities, well heads, well equipment, casing, manifolds, tubing, pumps, motors, gauges, valves, heaters, treaters, water lines,  vessels, tanks, boilers, separators, treating equipment, compressors, pipelines, flow lines, gathering systems, processing and separation facilities, pads, structures, other equipment, automation systems including meters and related telemetry on wells, power lines, telephone and communication lines and other appurtenances, network equipment and associated peripherals, radio and telephone equipment (including cellular telephones), SCADA, telemetry and other measurement technology, and well communication devices, in each case, to the extent located on or primarily used in connection with the ownership or operation of the other Assets; (f) all contracts and agreements to the extent which all or any portion of the Properties or Surface Rights is subject, including the contracts and agreements set forth in <u>Exhibit A-3</u> (the "***Contracts***"); (g) all Hydrocarbons in, on, under or produced from or allocated to any of the Properties from and after the Effective Time, and all Hydrocarbons for which Seller receives an adjustment to the Purchase Price, and in each case, the proceeds thereof; (h) all rights, benefits and obligations arising from or in connection with any Imbalances attributable to of the Properties, existing as of or arising after the Effective Time; (i) the Records, including, without limitation, all well data and geophysical and other seismic and related technical data and information relating to the Assets; and (j) except to the extent related to the Excluded Assets or Specified Obligations, any rights, claims, causes, causes of action, claims for relief, choses in action, rights of recovery, rights of set-off, rights of indemnity, contribution or recoupment, counter-claims, cross-claims and defenses of Seller relating to the Assets described in (a)-(i) above.

       3.       **<u>Excluded Assets</u>**.  Seller shall reserve and retain the following "***Excluded Assets***": (a) all of Seller's corporate minute books and corporate financial records that relate to Seller's business generally; (b) all trade credits, all accounts, receivables, if any, and all other proceeds, income or revenues attributable to the Assets with respect to any period of time prior to the Effective Time; (c) all claims, causes of action, manufacturers' and contractors' warranties and other rights of Seller arising under or with respect to (i) any Assets that are attributable to periods of time prior to the Effective Time including claims for adjustments or refunds, and (ii) any other Excluded Assets; (d) all Hydrocarbons produced from the Assets with respect to all periods prior to the Effective Time, other than those Hydrocarbons produced from or allocated to the Assets and in storage or existing in stock tanks, pipelines or plants (including inventory) as of the Effective Time for which the Purchase Price is adjusted upward at Closing; (e) all amounts held by Seller in suspense that are attributable to sales of Hydrocarbons produced from the Assets, as applicable (including any amounts subject to escheat obligations pursuant to applicable Law); (f) all personal computers, network equipment and associated peripherals; (g) all drilling rigs, and all trucks, cars and vehicles; (h) all master services agreements or similar contracts; (i) all easements, rights-of-way, surface rights, equipment, pipe and inventory (in each case, whether located on or off the lands covered by the Leases or lands pooled or unitized therewith) not currently being used solely in connection with the ownership or operation of the Assets (other than any surface rights granted under any of the Leases); (j) all of Seller's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property; (k) legal records and legal files of Seller, including all work product of and attorney-client communications with Seller's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege or the attorney work-product doctrine, but excluding any title opinions covering the Oil and Gas Interests; (l) all documents and instruments and other data or information that cannot be disclosed to Buyer as a result of confidentiality arrangements under agreements with third parties;

3

(m) all audit rights arising under any of the Contracts or otherwise with respect to (i) any period prior to the Effective Time, with respect to the Assets or (ii) any of the Excluded Assets; (n) all oil and gas fee interests or mineral fee interests of Seller and its Affiliates; and (o) all claims of Seller or any of its Affiliates for refunds of, rights to receive funds from any Governmental Authorities, or loss carry forwards or credits with respect to (i) any and all taxes imposed by any applicable Law on, or allocable to, Seller or any of its Affiliates, or any combined, unitary or consolidated group of which any of the foregoing is or was a member, (ii) any taxes imposed on or with respect to the ownership or operation of the Excluded Assets, and (iii) any and all other taxes imposed on or with respect to the ownership or operation of the Assets for any tax period (or portion thereof) ending before the Effective Time.

4.      **Purchase Price**.  The purchase price for the Assets shall be four hundred thousand dollars ($400,000) (the "***Purchase Price***"), subject to any adjustments that may be made under Section 5. Concurrently with the execution of this Agreement, Buyer shall pay to Seller, via wire transfer of immediately available funds, the sum of forty thousand dollars ($40,000), representing ten percent (10%) of the Purchase Price (such amount, the "***Deposit***").  If Closing occurs, the Deposit shall be applied as a credit toward the Preliminary Purchase Price at Closing.  If the Sale Order is not entered by the Court on or before September 13, 2019, or if the conditions to Buyer's obligations to close set forth in Section 15 have not been fulfilled on or before September 30, 2019, then this Agreement shall thereupon terminate, and Seller shall promptly return the Deposit to Buyer. The effective time of the conveyance of the Assets shall be 12:01 a.m. Central Standard Time on July 1, 2019 (the "***Effective Time***").

5.      **Purchase Price Adjustments**.  Following Closing, Buyer shall be entitled to all revenues, production, proceeds, income, and products from or attributable to the Assets from and after the Effective Time, and shall be responsible for (and entitled to any refunds with respect to) all costs and expenses attributable to the Assets and incurred from and after the Effective Time.  Seller shall be entitled to all revenues, production, proceeds, income, accounts receivable and products from or attributable to the Assets prior to the Effective Time, and shall be responsible for (and entitled to any refunds with respect to) all costs and expenses attributable to the Assets and incurred prior to the Effective Time.

(a)      The Purchase Price will be increased by the following amounts, without duplication:

(1)      the aggregate amount of proceeds received by Buyer for which Seller would otherwise be entitled with respect to the Assets;

(2)      an amount equal to the market value of all Hydrocarbons attributable to the Assets in storage or existing in stock tanks, pipelines and/or plants (including inventory), in each case that are, as of the Effective Time, (i) upstream of the pipeline connection or (ii) upstream of the sales meter, in each case, net of burdens;

(3)      the aggregate amount of all costs and expenses which are attributable to the Assets during the period from and after the Effective Time and that have been paid by Seller, but excluding any amounts previously reimbursed to Seller;

(4)      the amount of all Asset Taxes allocable to Buyer pursuant to Section 17 but paid or otherwise economically borne by Seller; and

(5)      any other upward adjustment mutually agreed upon by the Parties.

(b)      The Purchase Price will be decreased by the following amounts, without duplication:

4

(1)     the aggregate amount of proceeds received by Seller for which Buyer would otherwise be entitled with respect to the Assets;

(2)     the aggregate amount of all costs and expenses which are attributable to the Assets during the period prior to the Effective Time and that have been paid by Buyer, but excluding any amounts previously reimbursed to Buyer;

(3)     the amount of all Asset Taxes allocable to Seller pursuant to Section 17 but paid or otherwise economically borne by Buyer; and

(4)     any other downward adjustment mutually agreed upon by the Parties.

(c)     At least three (3) Business Days prior to Closing, Seller shall prepare and submit to Buyer a settlement statement (the "*Preliminary Settlement Statement*") setting forth each adjustment to the Purchase Price pursuant to this Section 5, using for such adjustments the best information then reasonably available.  Prior to Closing, Buyer may notify Seller of any objections to the Preliminary Settlement Statement.  The Parties shall use their reasonable efforts to agree on a final Preliminary Settlement Statement no later than one (1) day prior to Closing.  The Purchase Price, adjusted as provided in the Preliminary Settlement Statement, is referred to herein as the "*Preliminary Purchase Price*."  If Buyer and Seller are unable to agree upon the final Preliminary Settlement Statement, then the Preliminary Purchase Price shall be as provided in the final Preliminary Settlement Statement acceptable to Seller, and any disputed amounts shall be resolved in the course of the final accounting pursuant to Section 5(d).

(d)     No later than the earlier to occur of September 1, 2019 or thirty (30) days after the Closing Date, Seller shall deliver to Buyer a final settlement statement (the "*Final Settlement Statement*") setting forth the actual amount of each adjustment to the Purchase Price required under this Section 5.  Seller shall make available the necessary records to permit Buyer to conduct an audit of the Final Settlement Statement during the ten (10) Business Day period commencing on the date the Final Settlement Statement is delivered to Buyer (the "*Audit Period*").  As soon as reasonably practicable, but no later than 5:00 p.m. Shreveport, Louisiana time on the last day of the Audit Period, Buyer may deliver to Seller a written report containing any changes Buyer proposes to such statement (the "*Audit Report*").  Any matters covered by the Final Settlement Statement as delivered by Seller to which Buyer fails to timely object in the Audit Report shall be deemed correct and shall be final and binding on the Parties and not subject to further review, audit or arbitration.  The undisputed amounts (net of any amounts in dispute) will be paid to Seller or Buyer, as applicable, within two (2) Business Days from the end of the Audit Period.  The Parties agree to negotiate in good faith to resolve any disputes relating to items in the Final Settlement Statement and shall meet no later than five (5) days after Seller receives the Audit Report to attempt to agree on any adjustments to the Final Settlement Statement.  If the Parties fail to agree on final adjustments within that five (5) day period, either Party may, within five (5) days after the end of such period, submit the disputed items to Heard, McElroy & Vestal, L.L.C., or such other Person as the Parties mutually agree upon in writing (the "*Accounting Referee*").  Any unresolved matters covered in the Audit Report that are not submitted to the Accounting Referee within such five (5) day period shall be deemed waived by the Party not submitting the claims to the Accounting Referee, which waiver shall be final and binding on the Parties and the subject matter thereof shall not be subject to further review or audit. The Parties shall direct the Accounting Referee to resolve the disputes within ten (10) Business Days after its receipt of all relevant materials pertaining to the dispute.  The Accounting Referee shall act as an expert for the limited purpose of determining the specific disputed matters submitted by either Party and may not award damages or penalties to either Party with respect to any matter.  Seller and Buyer shall share equally the Accounting Referee's costs, fees and expenses.  The Final Settlement Statement, whether as agreed between the Parties or as determined by a

decision of the Accounting Referee, shall be binding on, and non-appealable by, the Parties and not subject to further review or audit.  Payment by Buyer or Seller, as applicable, for any outstanding amounts on the Final Settlement Statement shall be made within two (2) Business Days after the date on which all disputes in respect of the Final Settlement Statement are finally resolved (whether by agreement of the Parties or pursuant to the Accounting Referee's decision).

6.  **No Warranty of Title**.  The conveyance of the Assets to Buyer at Closing shall be without any warranty of title of any kind whatsoever, express, implied, or statutory, and without recourse, even as to the return of any consideration, but with full substitution and subrogation of Buyer, and all Persons claiming by, through and under Buyer, to the extent assignable, in and to all covenants and warranties by Seller's predecessors-in-title and with full subrogation of all rights accruing under the statutes of limitation or prescription under the Laws of the State of Louisiana.

7.  **Disclaimers**.  EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN SECTION 12, SELLER MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, AND SELLER EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO BUYER OR ANY BUYER REPRESENTATIVE (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO BUYER).   WITHOUT LIMITING THE GENERALITY OF THE FOREGOING PROVISIONS, SELLER EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE PROPERTIES, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE PROPERTIES, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE PROPERTIES, (VI) THE MAINTENANCE, STATE OF REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION, MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF SELLER OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO BUYER OR ANY BUYER REPRESENTATIVE IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.  SELLER FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS OR REDHIBITORY DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A PURCHASER UNDER LAW TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE OR CONSIDERATION, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT (A) BUYER SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS," "WHERE IS" AND WITH ALL FAULTS AND DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND (B) BUYER HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS BUYER DEEMS APPROPRIATE.   SELLER HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY,

NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS, AND NOTHING IN THIS AGREEMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY. SELLER AND BUYER AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION 7 ARE CONSPICUOUS DISCLAIMERS FOR THE PURPOSE OF ANY APPLICABLE LAW.

8.    **Obligations**.

(a)    From and after Closing, except to the extent such obligations or liabilities constitute Specified Obligations, Buyer shall assume and hereby agrees to fulfill, perform, pay and discharge (or cause to be fulfilled, performed, paid or discharged) all of the obligations and liabilities with respect to the Assets, whether such obligations or liabilities arose prior to, on or after the Effective Time, including, but not limited to, any and all Plugging and Abandonment Obligations and Environmental Obligations (all of said obligations and liabilities, herein being referred to as the "*Assumed Obligations*").  To the extent that Seller has the obligation to indemnify Buyer under Section 10(b), Seller agrees to retain all obligations and liabilities solely to the extent arising out of or related to (i) death or physical injury to any employees of Seller related to or arising out of Seller's ownership or operation of the Assets occurring prior to the Effective Time; (ii) any and all taxes imposed by any applicable Law on, or allocable to, Seller or any of its Affiliates, or any combined, unitary or consolidated group of which any of the foregoing is or was a member; and (iii) any and all other taxes imposed on or with respect to the ownership or operation of the Assets for any tax period (or portion thereof) ending before the Effective Time (all of said obligations and liabilities, herein being referred to as the "*Specified Obligations*").

(b)    Except as to (i) requirements from any Governmental Authority, including the Bankruptcy Court, (ii) situations wherein emergency action is taken in the face of risk to life, property, the environment and/or Lease termination or (iii) matters specifically consented to by Buyer in writing, during the period from the date of this Agreement to the Closing, Seller agrees as follows:

(1)    Subject to the provisions of applicable operating and other agreements, Seller shall operate, maintain and administer the Assets (to the extent Seller is the operator of an Asset) in a good and workmanlike manner, consistent with its past practices.

(2)    Prior to Closing, Seller shall not propose any drilling or other operations requiring elections to participate pursuant to the applicable operating agreements for amounts in excess of $10,000 net to Seller's interest, except as may be necessary to maintain any portion of the Assets, without Buyer's prior written approval, which approval shall not be unreasonably withheld.

(3)    Seller will promptly advise Buyer of any drilling or other operations proposals made by third parties, and Seller and Buyer will consult concerning such proposals, but any decisions concerning such proposals shall be made by Seller in its reasonable discretion.

(4)     Seller will not sell, farmout, encumber or dispose of any of the Assets (other than Hydrocarbons), except for sales and dispositions of equipment made in the ordinary course of business consistent with past practices (including for equipment that is unnecessary and/or is to be replaced).

(5)     Seller will not enter into any material new contract affecting the Assets or modify or amend in any material adverse respect any Leases or existing Contract.

(6)     Seller will not settle any claim, action or proceeding relating to the Assets that is in excess of $5,000 net to Seller's interest, without Buyer's written consent, which consent shall be timely and shall not be unreasonably withheld.

(7)     Seller will promptly notify Buyer if Seller receives actual written notice of any material claim, suit, action or other proceeding, or any threat thereof, of any kind directly relating, in whole or in part, to the Assets.

(8)     Upon execution of this Agreement, Seller will promptly make all of its files directly relating to the Assets available to Buyer for examination during Seller's regular business hours at Seller's offices in Tyler, Texas, and/or other locations reasonably designated by Seller; provided, however, that Buyer shall not be entitled to review any work product of, and attorney-client communications with, Seller's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege or the attorney work-product doctrine (but excluding from the foregoing exception any title opinions covering the Oil and Gas Interests).

9.     **Bankruptcy Filings**.  Seller shall use commercially reasonable efforts to (i) file all pleadings with the Bankruptcy Court, including the Sale Motion, as are necessary or appropriate to allow the Bankruptcy Court to rule on the Sale Motion and (ii) serve all parties known to Seller to be entitled to notice of such pleadings under applicable provisions of the Bankruptcy Code.  Buyer shall promptly take all actions as are reasonably requested by Seller to assist Seller in obtaining the Bankruptcy Court's entry of the Sale Order or any other order reasonably necessary to obtain the Bankruptcy Court's approval of the transactions contemplated by this Agreement, including furnishing affidavits, financial information or other documents or information, allowing such information and documentation to be filed with the Bankruptcy Court as necessary to obtain a Sale Order, and making Buyer's employees and representatives available to testify at any hearing on the Sale Motion before the Bankruptcy Court.

10.     **Indemnification**.

(a)     Buyer shall be responsible for and indemnify, defend, release and hold harmless Seller and its Affiliates, and all of its and their respective partners, members, directors, officers, managers, employees, equity holders, agents and representatives (collectively, "***Seller Indemnified Parties***") from and against all claims caused by, arising out of or resulting from (i) the Assumed Obligations and (ii) Buyer's breach of any representation or warranty contained in <u>Section 13</u> and any of its covenants or obligations under this Agreement.  Buyer's indemnity obligations set forth in this <u>Section 10(a)</u> shall survive Closing of the transaction contemplated hereby without time limit.  BUYER'S DEFENSE, INDEMNIFICATION, HOLD HARMLESS AND RELEASE OBLIGATIONS AND THE ASSUMPTION OF THE ASSUMED OBLIGATIONS PROVISIONS (IN EACH CASE) PROVIDED FOR IN THIS AGREEMENT SHALL BE APPLICABLE WHETHER OR NOT THE LIABILITIES,

LOSSES, COSTS, EXPENSES AND DAMAGES IN QUESTION AROSE OR RESULTED SOLELY OR IN PART FROM THE GROSS, SOLE, ACTIVE, PASSIVE, CONCURRENT OR COMPARATIVE NEGLIGENCE, STRICT LIABILITY OR OTHER FAULT OR VIOLATION OF LAW OF OR BY ANY SELLER INDEMNIFIED PARTY.   BUYER AND SELLER ACKNOWLEDGE THAT THIS STATEMENT COMPLIES WITH THE EXPRESS NEGLIGENCE RULE AND IS CONSPICUOUS.

(b)     Seller shall be responsible for and indemnify, defend, release and hold harmless Buyer and its Affiliates, and all of its and their respective partners, members, directors, officers, managers, employees, equity holders, agents and representatives (collectively, "***Buyer Indemnified Parties***") from and against all claims caused by, arising out of or resulting from (i) the Specified Obligations and (ii) Seller's breach of any representation or warranty contained in Section 12 and any of its covenants or obligations under this Agreement.  Seller's indemnity obligations set forth in this Section 10(b) shall survive the Closing until the later of September 30, 2019 and Seller's liquidation.

(c)     NO SELLER INDEMNIFIED PARTY OR BUYER INDEMNIFIED PARTY SHALL BE ENTITLED TO RECOVER, AND EACH HEREBY WAIVES ANY RIGHT TO RECOVER, FROM THE OTHER, OR THEIR RESPECTIVE AFFILIATES, ANY SPECIAL, INDIRECT, CONSEQUENTIAL, PUNITIVE, EXEMPLARY, REMOTE OR SPECULATIVE DAMAGES, OR DAMAGES FOR LOST PROFITS UNDER OR IN CONNECTION WITH THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY, EXCEPT TO THE EXTENT ANY SUCH PARTY PAYS SUCH DAMAGES (INCLUDING COSTS OF DEFENSE AND REASONABLE ATTORNEY'S FEES INCURRED IN CONNECTION WITH DEFENDING OF SUCH DAMAGES) TO A THIRD PARTY, WHICH DAMAGES (INCLUDING COSTS OF DEFENSE AND REASONABLE ATTORNEY'S FEES INCURRED IN CONNECTION WITH DEFENDING AGAINST SUCH DAMAGES) SHALL NOT BE EXCLUDED BY THIS PROVISION AS TO RECOVERY HEREUNDER.

11.     ***NORM, Wastes and Other Substances***.  Buyer acknowledges that the Assets have been used for exploration, development and production of oil and gas and that there may be petroleum, produced water, wastes or other substances or materials located in, on or under the Assets or associated with the Assets.  Equipment and sites included in the Assets may contain asbestos, naturally occurring radioactive material ("***NORM***") or other hazardous materials.  NORM may affix or attach itself to the inside of Wells, materials, equipment and other personal property as scale, or in other forms.  The Wells, materials, equipment and other personal property located on the Properties or included in the Assets may contain NORM and other wastes or hazardous materials.  NORM containing material and/or other wastes or hazardous materials may have come in contact with various environmental media, including water, soils or sediment.  Special procedures may be required for the assessment, remediation, removal, transportation or disposal of environmental media, wastes, asbestos, NORM and other hazardous materials from the Assets.  Buyer agrees to accept the Assets "as is," "where is," and "with all faults," and Buyer agrees to assume all risks with respect to the Assets.

12.     **Seller's Representations and Warranties**.  Seller represents and warrants to Buyer as of the Execution Date that:

(a)     To Seller's Knowledge, (i) all Contracts are in full force and effect, and (ii) no party is in material default or breach of any such Contract.

(b)     Seller is duly qualified and has full right and authority to own the Assets in the capacity in which the Assets are owned, and, subject to requisite creditor and Bankruptcy Court approval, to enter into this Agreement.

(c)     Seller has incurred no obligation, contingent or otherwise, for any broker's, finder's, or consultant's fees for which Buyer will be liable.

(d)     Except for the Bankruptcy Case and any adversary proceeding or contested motions commenced or filed in connection therewith or stayed as a result of the filing thereof, there is no proceeding or order pending, outstanding, or to Seller's Knowledge, threatened in writing that (a) seeks to appeal, stay, restrain or prohibit or otherwise challenge the consummation, legality or validity of the transactions contemplated hereby, the Sale Motion or the Sale Order, or (b) relates to the Assets.

(e)     Except as set forth on Schedule 12(e), there are no preferential rights to purchase or consents to assignment (except in each case as specifically set forth on Schedule 12(e)) in respect of the Assets that Seller will convey to the Buyer under this Agreement.

13.     **Buyer's Representations and Warranties**.  Buyer represents and warrants to Seller as of the Execution Date that:

(a)     Buyer is duly qualified and has full right and authority to acquire and own the Assets, to receive an assignment of the Assets from Seller at Closing and to enter into this Agreement.

(b)     Buyer has incurred no obligation, contingent or otherwise, for any broker's, finder's or consultant's fees for which Seller will be liable.

(c)     There are no bankruptcy, reorganization or receivership proceedings pending, being contemplated by or, to Buyer's Knowledge, threatened against Buyer or any Affiliate of Buyer, and Buyer is not insolvent or generally not paying its debts when they become due.

(d)     Buyer is an accredited investor, as such term is defined in Regulation D of the Securities Act of 1933, as amended, and will acquire the Assets for its own account and not with a view to a sale or distribution thereof in violation of the Securities Act of 1933, as amended, and the rules and regulations thereunder, any applicable state blue sky Laws or any other applicable securities Laws.

(e)     Buyer is sophisticated in the evaluation, purchase, ownership and operation of oil and gas properties and related facilities.  In making its decision to enter into this Agreement and to consummate the transaction contemplated hereby and thereby, except to the extent of Seller's express representations and warranties in Section 12, Buyer has relied or shall rely on its own independent investigation and evaluation of the Assets, which investigation and evaluation was done by Buyer and its own legal, tax, economic, environmental, engineering, geological and geophysical advisors.  In entering into this Agreement, Buyer acknowledges that it has relied solely upon the aforementioned investigation and evaluation and not on any factual representations or opinions of Seller or any representatives or consultants or advisors engaged by or otherwise purporting to represent Seller or any Affiliate of Seller (except the specific representations and warranties of Seller set forth in Section 12).  Buyer hereby acknowledges that, other than the representations and warranties made in Section 12, neither Seller nor any representatives, consultants or advisors of Seller or its Affiliates make or have made any representation or warranty, express or implied, at Law or in equity, with respect to the Assets.

Buyer's warranties and representations set forth in this Section 13 shall survive without time limit.

14.     **Seller's Conditions to Close**.  The obligations of Seller to consummate the transactions provided for herein is subject, at the option of Seller, to the fulfillment by Buyer or waiver by Seller, on or prior to Closing of each of the following conditions precedent:

(a)    the representations and warranties of Buyer set forth in <u>Section 13</u> shall be true and correct in all material respects as of Closing (except with respect to the representations and warranties set forth in <u>Section 13(b)</u> which shall be true in all respects) as though made on and as of Closing;

(b)    Buyer shall have materially performed or complied with all obligations, agreements, and covenants contained in this Agreement as to which performance or compliance by Buyer is required prior to or at Closing;

(c)    Buyer shall have executed and delivered (or be ready, willing and able to deliver at Closing) to Seller the documents and other items, including the Preliminary Purchase Price, required to be delivered by Buyer under <u>Section 16</u>; and

(d)    the Bankruptcy Court shall have entered the Sale Order.

15.    **Buyer's Conditions to Close**.  The obligations of Buyer to consummate the transactions provided for herein is subject, at the option of Buyer, to the fulfillment by Seller or waiver by Buyer, on or prior to Closing of each of the following conditions:

(a)    the representations and warranties of Seller set forth in <u>Section 12</u> shall be true and correct in all material respects as of Closing as though made on and as of Closing, except for those breaches, if any, of such representations and warranties that in the aggregate would not have a material adverse effect;

(b)    Seller shall have materially performed or complied with all obligations, agreements, and covenants contained in this Agreement as to which performance or compliance by Seller is required prior to or at Closing;

(c)    Seller shall have executed and delivered (or be ready, willing and able to deliver at Closing) to Buyer the documents and other items required to be delivered by Seller under <u>Section 16</u>;

(d)    Seller shall have delivered (or be ready, willing and able to deliver at Closing) to Buyer a consent to assignment, in form reasonably acceptable to Buyer, executed by Gayle B. McFarland and Cynthia D. McFarland (collectively, "Owner"), consenting to the assignment to Buyer of that certain Salt Water Disposal Lease dated January 1, 2013, by and between Owner and SND Operating, LLC; as amended by that certain Amendment to Saltwater Disposal Lease dated February 12, 2018, effective as of January 1, 2019, by and between Owner and Seller, as successor in interest to SND Operating, LLC; and

(e)    the Bankruptcy Court shall have entered the Sale Order.

16.    **Closing**.  The closing of the transaction contemplated by this Agreement ("***Closing***") shall occur on the date that is ten (10) Business Days following the issuance of the Sale Order (the "***Closing Date***") or such other date following the issuance of the Sale Order as Buyer and Seller may agree upon in writing.  At Closing, (a) Buyer shall pay to Seller the Preliminary Purchase Price, less the Deposit, via wire transfer of immediately available funds, (b) Seller shall execute and deliver an assignment, conveyance and bill of sale covering the Assets in the form attached hereto as <u>Exhibit D</u> (the "***Assignment***"), (c) the Parties shall take such further actions as may be reasonably necessary to evidence and effectuate the transaction contemplated by this Agreement, (d) Buyer shall obtain replacements for the bonds, letters of credit and guarantees necessary to terminate the obligations of Seller or its Affiliates with respect to the Assets and Buyer shall provide evidence of the posting of such bonds or other securities with all applicable Governmental Authorities meeting the requirements of such authorities, and (e) Seller shall deliver an executed statement described in Treasury Regulation §1.1445-2(b)(2) certifying that Seller is neither a disregarded entity nor a foreign Person within the meaning of the Internal Revenue Code of 1986, as

amended, and Treasury Regulations promulgated thereunder (the "**Code**"). Closing shall be held at the offices of Seller, or at such other location or through such other methods as may be mutually agreed upon by Seller and Buyer.

17.    **Taxes**.

(a)    All required documentary, filing and recording fees and expenses in connection with the filing and recording of the assignments (including the Assignment), conveyances or other instruments required to convey title to the Assets to Buyer shall be borne by Buyer. Buyer shall be responsible for, and shall bear and pay, all sales, use, transfer, stamp, registration and similar taxes (including any applicable interest or penalties) incurred or imposed with respect to the transactions described in this Agreement (the "**Transfer Taxes**"). Seller shall bear and pay, all ad valorem, property, excise, severance, production, sales, use and similar taxes (including any interest, fine, penalty or additions to tax imposed by a government authority in connection with such taxes) based upon operation or ownership of the Assets or production of Hydrocarbons or the receipt of proceeds therefrom (collectively, the "**Asset Taxes**") assessed with respect to the ownership and operation of the Assets for (i) any period ending prior to the Effective Time, and (ii) the portion of any tax period beginning before and ending after the Effective Time (a "**Straddle Period**") ending immediately prior to the Effective Time. All Asset Taxes arising on or after the Effective Time (including all Straddle Period Asset Taxes not apportioned to Seller) shall be allocated to and borne by Buyer. To the extent the actual amount of any Asset Taxes described in this <u>Section 17</u> is not known at the time an adjustment is to be made with respect to such Asset Tax pursuant to <u>Section 5</u>, Buyer and Seller shall utilize the most recent information available in estimating the amount of such Asset Taxes for purposes of such adjustment. Upon determination of the actual amount of Asset Taxes, payments will be made to the extent necessary to cause the appropriate Party to bear the Asset Taxes allocable to such Party under this <u>Section 17</u>. For purposes of allocation between the Parties of Asset Taxes: (A) Asset Taxes that are attributable to the severance or production of Hydrocarbons or otherwise imposed on a transactional basis (other than Asset Taxes described in (B) below) shall be allocated to the period in which the severance, production or other transaction giving rise to such Asset Taxes occurred; and (B) Asset Taxes that are ad valorem, property or other Asset Taxes imposed on a periodic basis with respect to a Straddle Period shall be allocated pro rata per day between the portion of such Straddle Period ending immediately prior to the Effective Time (which shall be Seller's responsibility) and the portion of the Straddle Period beginning at the Effective Time (which shall be Buyer's responsibility). For purposes of clause (A) of the preceding sentence, any exemption, deduction, credit or other item that is calculated on an annual basis shall be allocated pro rata per day between the period ending immediately prior to the Effective Time and the period beginning on the Effective Time.

(b)    Other than with respect to tax periods ending prior to the Effective Time, Buyer shall be responsible for filing with the appropriate Governmental Authorities all returns (including information returns), reports, statements, schedules, notices, forms, elections, estimated tax filings, claims for refund or other documents filed with or submitted to, or required to be filed with or submitted to, any Governmental Authority with respect to any tax ("**Tax Returns**") for Asset Taxes that are required to be filed after Closing and paying the taxes reflected on such Tax Returns as due and owing, subject to Buyer's right of reimbursement for any Asset Taxes for which Seller is responsible under <u>Section 17(a)</u>. Buyer shall prepare all such Tax Returns relating to any Straddle Period on a basis consistent with past practice except to the extent otherwise required by applicable Law. Buyer shall provide Seller with a copy of any Tax Return relating to any Straddle Period for Seller's review at least ten (10) days prior to the due date for the filing of such Tax Return (or within a commercially reasonable period after the end of the relevant taxable period, if such Tax Return is required to be filed less than ten (10) days after the close of such taxable period), and Buyer shall incorporate all reasonable comments of Seller provided to Buyer in advance of the due date for the filing of such Tax Return.

(c)     The Parties shall cooperate fully, as and to the extent reasonably in connection with the filing of any Tax Returns, state and federal regulatory reports, royalty payments including related deduction and any audit, litigation or other proceeding with respect to these matters for the Assets.

(d)     Seller shall be entitled to any and all refunds of Asset Taxes allocated to Seller pursuant to Section 17(a), and Buyer shall be entitled to any and all refunds of Asset Taxes allocated to Buyer pursuant to Section 17(a).  If a Party receives a refund of Asset Taxes to which the other Party is entitled pursuant to this Section 17(d), the first Party shall promptly pay such amount to the other Party, net of any reasonable costs or expenses incurred by the first Party in procuring such refund.

18.     **Miscellaneous**.  The Parties further agree as follows:

(a)     <u>Condemnation; Casualty Loss</u>.  Notwithstanding anything herein to the contrary, from and after the execution of this Agreement, if Closing occurs, Buyer shall assume all risk of loss with respect to the depreciation of Assets due to ordinary wear and tear.  If, after the Execution Date but prior to or on the Closing Date, any portion of the Assets is destroyed by fire, explosion, hurricane, storm, weather events, earthquake, act of nature, civil unrest, or similar disorder, terrorist acts, war or any other hostilities or other casualty or is expropriated or taken in condemnation or under right of eminent domain by any Governmental Authority, whether or not fixed or repaired or in any way remediated (each a "*Casualty Loss*"), Buyer and Seller shall nevertheless be required to proceed with Closing.  Seller shall deliver written notice to Buyer within twenty-four (24) hours of its knowledge of any Casualty Loss.  To the extent Seller has a claim against a third party for death, bodily injury or property damages arising from any Casualty Loss that is assignable to Buyer, then such damages, claims and rights of action shall be assigned to Buyer, and to the extent Seller is entitled to recovery under any insurance policy on account of any Casualty Loss, Seller shall pay to Buyer the net amounts recovered under such policy (less any costs incurred by Seller to recover such amounts), if any.

(b)     <u>Prior Knowledge</u>.  Notwithstanding anything to the contrary contained in this Agreement, if either Party elects to proceed with Closing with knowledge by such Party of the breach of any representation, warranty, agreement, or covenant by the other Party or of the facts giving rise to any such breach, then the representation, warranty, agreement, or covenant which is breached (and any and all rights and remedies with respect thereto) will be deemed waived by such Party, and such Party shall be deemed to fully release and forever discharge the other Party with respect to all claims and damages, known or unknown, with respect to such representation, warranty, agreement or covenant.

(c)     <u>Notices</u>.  All communications required or permitted under this Agreement shall be in writing and any communication or delivery hereunder shall be deemed to have been fully made if actually delivered, if mailed by registered or certified mail, postage prepaid, delivered by recognized overnight courier service, to the address as set forth below:

| | |
|---|---|
| To Seller: | Weatherly Oil & Gas, LLC |
| | 777 Taylor Street, Suite 902 |
| | Fort Worth, Texas 76102 |
| | Attention: Dan Johnson |
| | Email: Dan.Johnson@ankura.com |

| with a copy to (which shall not constitute notice): | Jackson Walker L.L.P.<br>Attention:  S. Jordan Smith<br>2323 Ross Ave., Suite 600<br>Dallas, Texas 75201<br>Phone:  (214) 953-5984<br>Email:  sjsmith@jw.com |
| To Buyer: | DEA Bethany, LLC<br>Attention:  William R. Downs<br>401 Edwards St., Ste. 1420<br>Shreveport, LA 71101<br>Phone: (318) 716-7644<br>Email:  WDowns@downs-energy.com |
| with a copy to (which shall not constitute notice): | Wiener, Weiss & Madison, APC<br>Attention:  Donald B. Wiener and<br>Cliffe C. Laborde III<br>330 Marshall Street, Suite 1000<br>Shreveport, Louisiana 71101<br>Phone:  (318) 226-9100<br>Email: dwiener@wwmlaw.com and<br>claborde@wwmlaw.com |

(d)     Assignment.  Neither Party shall assign its rights or obligations under this Agreement without the prior written consent of the other Party, which consent may be withheld for any reason in the sole discretion of the non-assigning Party.

(e)     Governing Law; Venue; Waiver of Jury Trial.

(i)     EXCEPT TO THE EXTENT THE MANDATORY PROVISIONS OF THE BANKRUPTCY CODE APPLY, THIS AGREEMENT AND THE LEGAL RELATIONS BETWEEN SELLER AND BUYER SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF LOUISIANA, EXCLUDING ANY CONFLICTS OF LAW RULE OR PRINCIPLE THAT WOULD REQUIRE THE APPLICATION OF ANY OTHER LAW.

(ii)     WITHOUT LIMITATION OF ANY PARTY'S RIGHT TO APPEAL ANY ORDER OF THE BANKRUPTCY COURT, (I) THE BANKRUPTCY COURT SHALL RETAIN EXCLUSIVE JURISDICTION TO ENFORCE THE TERMS OF THIS AGREEMENT AND TO DECIDE ANY CLAIMS OR DISPUTES WHICH MAY ARISE OR RESULT FROM, OR BE CONNECTED WITH, THIS AGREEMENT, ANY BREACH OR DEFAULT HEREUNDER, OR THE TRANSACTIONS CONTEMPLATED HEREBY AND (II) ANY AND ALL CLAIMS RELATING TO THE FOREGOING SHALL BE FILED AND MAINTAINED ONLY IN THE BANKRUPTCY COURT, AND THE PARTIES HEREBY CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION AND VENUE OF THE BANKRUPTCY COURT AND IRREVOCABLY WAIVE THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF ANY SUCH ACTION OR PROCEEDING; PROVIDED, HOWEVER, THAT, IF THE BANKRUPTCY CASE IS CLOSED, ALL ACTIONS AND PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL BE HEARD AND DETERMINED IN A LOUISIANA STATE COURT OR A FEDERAL COURT SITTING IN THE STATE OF LOUISIANA, AND THE PARTIES HEREBY IRREVOCABLY SUBMIT TO THE EXCLUSIVE JURISDICTION AND VENUE OF SUCH COURTS IN ANY SUCH ACTION

OR PROCEEDING AND IRREVOCABLY WAIVE THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF ANY SUCH ACTION OR PROCEEDING.  THE PARTIES CONSENT TO SERVICE OF PROCESS BY MAIL OR ANY OTHER MANNER PERMITTED BY LAW.

               (iii)    THE PARTIES HEREBY IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED IN CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE ACTIONS OF SELLER, BUYER OR THEIR RESPECTIVE REPRESENTATIVES IN THE NEGOTIATION OR PERFORMANCE HEREOF.

               (f)    <u>Wavier of Right to Recession</u>. The Parties acknowledge that, following the Closing, the payment of money, as limited by the terms of this Agreement, shall be adequate compensation for breach of any representation, warranty, covenant or agreement contained herein or for any other claim arising in connection with or with respect to the transactions contemplated by this Agreement. As the payment of money shall be adequate compensation, following the Closing, the Parties waive any right to rescind this Agreement or any of the transactions contemplated hereby.

               (g)    <u>Amendment</u>.  This Agreement may be amended only by written instrument executed by both Parties.

               (h)    <u>Counterparts; Treatment as Original</u>.  This Agreement may be executed in one or more counterparts, each of which will be deemed an original and all of which together shall constitute the same agreement, and any signature hereto delivered by a Party by facsimile or other electronic transmission (e.g., email) shall be deemed an original signature hereto for all purposes.

\*     \*     \*     \*     \*

*[Signatures Follow on Next Page]*

IN WITNESS WHEREOF, this Agreement has been signed by each Party as of the Execution Date.

**SELLER:**

**Weatherly Oil & Gas, LLC**

By:_____
    Dan W. Johnson, Chief Executive Officer

**BUYER:**

**DEA Bethany, L.L.C.**

By:_____
Name:_____
Title:_____

## APPENDIX I

### Certain Defined Terms

"*Affiliate*" shall mean any Person that, directly or indirectly, through one or more intermediaries, controls, is controlled by or is under common control with, another Person.  The term "control" and its derivatives with respect to any Person, when used in the context of this definition, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities, by contract or otherwise. For the avoidance of doubt, any lender of Seller shall not be considered an Affiliate of Seller.

"*Bankruptcy Code*" shall mean Title 11 of the United States Code, Sections 101 *et seq*.

"*Business Day*" shall mean a day (other than a Saturday or Sunday) on which commercial banks in Houston, Texas are generally open for business.

"*Environmental Laws*" shall mean any applicable Law relating to the protection of the environment.

"*Environmental Obligations*" means responsibility and liability for any of the following occurrences, events, conditions, and activities on, related to, or attributable to the condition of the Assets: (a) environmental pollution or contamination, including pollution or contamination of the soil, groundwater, or air by Hydrocarbons, drilling fluid and other chemicals, brine, produced water, NORM, asbestos containing materials, lead based paint, mercury, or any other substance; (b) underground injection activities and waste disposal; (c) clean-up responses, and the cost of remediation, control, assessment, or compliance with respect to surface and subsurface pollution caused by spills, pits, ponds, lagoons, or storage tanks; (d) failure of the Assets to comply with applicable land use, surface disturbance, licensing, or notification requirements or surface use agreements; (e) disposal on the Properties of any hazardous substances, wastes, materials, and products generated by or used in connection with the ownership, development, operation, or abandonment of any part of the Assets; and (f) any non-compliance with any Environmental Law.

"*Governmental Authority*" shall mean any federal, state, local, municipal, tribal or other government; any governmental, regulatory, arbitration or administrative agency, commission, body or other authority exercising or entitled to exercise any administrative, executive, judicial, legislative, arbitration, regulatory or taxing authority or power, and any court, arbitral or governmental tribunal, including any tribal authority having or asserting jurisdiction, including the Bankruptcy Court.

"*Hydrocarbons*" shall mean oil, condensate, gas, casinghead gas and other liquid or gaseous hydrocarbons.

"*Knowledge*" shall mean, with respect either Party, the actual knowledge (without investigation) of any officers of such Party.

"*Imbalances*" shall mean any imbalance at the wellhead between the amount of Hydrocarbons produced from a Well and allocated to the interests of Seller therein and the shares of production from the relevant Well to which Seller was entitled, or at the pipeline flange between the amount of Hydrocarbons nominated by or allocated to Seller and the Hydrocarbons actually delivered on behalf of Seller at that point.

"*Law*" shall mean any applicable statute, law (including common law), rule, regulation, ordinance, order, code, ruling, writ, injunction, decree or other official act of or by any Governmental Authority.

"***Person***" shall mean any individual, firm, corporation, partnership, limited liability company, joint venture, association, trust, unincorporated organization, Governmental Authority or any other entity.

"***Plugging and Abandonment Obligations***" means all decommissioning activities, obligations, costs and expenses with respect to the Assets as are required by Laws, any Contract, any Lease, this Agreement or any Governmental Authority and further including all well plugging, replugging and abandonment; facility dismantlement and removal of all abandoned Assets, junk and other personal property located on or comprising any part of the Assets; pipeline and flowline dismantlement and removal; dismantlement and removal of other property of any kind related to or associated with operations or activities conducted on the Properties; and site clearance, site restoration and site remediation and other activities associated therewith.

"***Records***" shall mean, excluding the Excluded Records, all of Seller's and its Affiliates' files, records and data (including electronic data) related to the Assets, including but not limited to: (i) lease files, land files, facility and well files, division order files, abstracts, title files (including title opinions and title curative documents), (ii) Contract files, (iii) correspondence, (iv) operations, environmental, health and safety, and pipeline safety records, (v) engineering and/or production files, (vi) maps, and (vii) Tax and accounting records, in each case, to the extent related to the ownership or operation of the Assets and in the possession of Seller or an Affiliate of Seller.

"***Sale Motion***" shall mean the motion or motions filed by Seller pursuant to, *inter alia*, sections 105, 363, and 365 of the Bankruptcy Code, as applicable, seeking entry of the Sale Order and approval of the transactions contemplated by this Agreement.

"***Sale Order***" shall mean the order of the Bankruptcy Court approving this Agreement and all of the terms and conditions hereof and approving and authorizing Seller to consummate the transactions contemplated hereby pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, as applicable.

**Exhibit A-1 – Leases**

**Attached to and made part of that certain Purchase and Sale Agreement by and between
Weatherly Oil & Gas, LLC, as Seller, and DEA Bethany, L.L.C., as Buyer**

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | Instrument No. | County | State |
|---|---|---|---|---|---|---|---|---|
| LA100057.000 | Abram Hunter Jr, et ux | Goodrich Petroleum Company LLC | 8/7/2007 | | | 2114210 | Caddo | LA |
| LA100018.006 | Adreine Stephens et al | Goodrich Petroleum Company LLC | 7/22/2006 | | | 2050875 | Caddo | LA |
| LA100018.009 | Adrian Stephens | Goodrich Petroleum Company LLC | 7/22/2006 | | | 2050870 | Caddo | LA |
| LA100175.002 | Adrienne D Gambal, et al | Chesapeake Operating | 4/18/2009 | | | 2222635 | Caddo | LA |
| LA100049.016 | Alan Mcrae Jordan | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123094 | Caddo | LA |
| LA100130.019 | Albert Hunter | Goodrich Petroleum Company LLC | 12/14/2007 | | | 2135120 | Caddo | LA |
| LA100210.000 | Alice Ellis Abraham | Chesapeake Operating | 10/21/2009 | | | 2262433 | Caddo | LA |
| LA100179.004 | Alvin Ray Martin | Chesapeake Operating | 5/21/2009 | | | 2232081 | Caddo | LA |
| LA100203.033 | Aminah Abdulsalaam | Chesapeake Operating | 10/21/2009 | | | 2263011 | Caddo | LA |
| LA100211.002 | Andrew Britton | Chesapeake Operating | 10/20/2009 | | | 2259894 | Caddo | LA |
| LA100203.025 | Anna Marie Small | Chesapeake Operating | 10/21/2009 | | | 2260619 | Caddo | LA |
| LA100203.048 | Annie N Pine | Chesapeake Operating | 10/21/2009 | | | 2267936 | Caddo | LA |
| LA100203.045 | Annie Pine | Chesapeake Operating | 10/21/2009 | | | 2266889 | Caddo | LA |
| LA100203.002 | Annie Small Plumber | Chesapeake Operating | 10/21/2009 | | | 2258756 | Caddo | LA |
| LA100028.009 | Annie Wilson | Goodrich Petroleum Company LLC | 7/1/2006 | | | 2125387 | Caddo | LA |
| LA100094.000 | Anthony Dewayne Sandifer Jr | Goodrich Petroleum Company LLC | 7/9/2007 | | | 2109094 | Caddo | LA |
| LA100093.000 | Anthony Dewayne Sandifer Sr, et ux | Goodrich Petroleum Company LLC | 7/9/2007 | | | 2109093 | Caddo | LA |
| LA100174.001 | Anthony Houston | Chesapeake Operating | 10/24/2008 | | | 2197806 | Caddo | LA |
| LA100179.007 | Anthony Taylor | Chesapeake Operating | 5/12/2009 | | | 2231588 | Caddo | LA |
| LA100203.027 | Anzio Lee | Chesapeake Operating | 10/21/2009 | | | 2261720 | Caddo | LA |
| LA100081.000 | Archie W Watson III, et ux | Goodrich Petroleum Company LLC | 7/19/2007 | | | 2113822 | Caddo | LA |
| LA100213.002 | Arkoma Louisiana Llc | Chesapeake Operating | 3/5/2010 | | | 2286013 | Caddo | LA |
| LA100211.004 | Arnold Ray Britton | Chesapeake Operating | 10/20/2009 | | | 2261707 | Caddo | LA |
| LA100049.028 | Arthur J Mclaughlin | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2125061 | Caddo | LA |
| LA100211.003 | Atlene Britton Williams | Chesapeake Operating | 10/20/2009 | | | 2261710 | Caddo | LA |
| LA100159.002 | B W Johns | Jack W Grigsby | 1/10/1954 | 716 | 149 | 64348 | Caddo | LA |
| LA100071.000 | Barbara J Travis | Goodrich Petroleum Company LLC | 6/25/2007 | | | 2107384 | Caddo | LA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100029.000 | Barbara T Fallon Et Al | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2068656 | Caddo | LA |
| LA100203.009 | Barnett Britton | Chesapeake Operating | 10/21/2009 | | | 2260623 | Caddo | LA |
| LA100130.021 | Beatrice H Odom | Goodrich Petroleum Company LLC | 12/3/2007 | | | 2134917 | Caddo | LA |
| LA100144.000 | Ben E Wheeler Sr, et ux | Goodrich Petroleum Company LLC | 3/26/2007 | | | 2095272 | Caddo | LA |
| LA100203.032 | Bertha Mae Neil Pollard, et al | Chesapeake Operating | 10/21/2009 | | | 2262625 | Caddo | LA |
| LA100174.008 | Betty Mack Clark | Chesapeake Operating | 5/20/2009 | | | 2228650 | Caddo | LA |
| LA100203.012 | Betty Ray Small Miller | Chesapeake Operating | 10/21/2009 | | | 2261719 | Caddo | LA |
| LA100028.012 | Betty Varner Phillips | Goodrich Petroleum Company LLC | 2/12/2007 | | | 21510229 | Caddo | LA |
| LA100018.020 | Billy R Johnson | Goodrich Petroleum Company LLC | 7/28/2006 | | | 2052204 | Caddo | LA |
| LA100203.007 | Bobbie Franklin | Chesapeake Operating | 10/21/2009 | | | 2258754 | Caddo | LA |
| LA100037.000 | Bobby Harold Henley, et ux | Goodrich Petroleum Company LLC | 10/7/2007 | | | 2102402 | Caddo | LA |
| LA100038.000 | Bobby Harold Henley, et ux | Goodrich Petroleum Company LLC | 10/20/2007 | | | 2102404 | Caddo | LA |
| LA100039.000 | Bobby Harold Henley, et ux | Goodrich Petroleum Company LLC | 6/6/2007 | | | 2102403 | Caddo | LA |
| LA100203.022 | Bobby Ray Blake | Chesapeake Operating | 10/21/2009 | | | 2261722 | Caddo | LA |
| LA100018.011 | Bonnie S Ellis Et Al | Goodrich Petroleum Company LLC | 6/23/2006 | | | 2050881 | Caddo | LA |
| LA100130.001 | Brenda Carol Thomas Roberts | Goodrich Petroleum Company LLC | 1/15/2008 | | | 2140838 | Caddo | LA |
| LA100179.002 | Brenda Hines | Chesapeake Operating | 5/27/2009 | | | 2230273 | Caddo | LA |
| LA100108.001 | Brenda Small Lewis | Goodrich Petroleum Company LLC | 10/15/2007 | | | 2127096 | Caddo | LA |
| LA100115.000 | Brett Jay Reynolds, et al | Goodrich Petroleum Company LLC | 7/3/2007 | | | 2107756 | Caddo | LA |
| LA100089.000 | Brian C Paine, et ux | Goodrich Petroleum Company LLC | 7/9/2007 | | | 2109089 | Caddo | LA |
| LA100035.044 | Burney Edward McMurphy | Goodrich Petroleum Company LLC | 7/27/2009 | | | 2245566 | Caddo | LA |
| LA100049.003 | C H Colvin Group LLC | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2122569 | Caddo | LA |
| LA100240.000 | Caddo Parish Commission  20131 | Classic Petroleum Inc | 8/12/2009 | | | 2248285 | Caddo | LA |
| LA100241.000 | Caddo Parish Commission  20133 | Merit Energy Services | 8/12/2009 | | | 2248623 | Caddo | LA |
| LA100242.000 | Caddo Parish Commission  20134 | Classic Petroleum Inc | 8/12/2009 | | | 2248287 | Caddo | LA |
| LA100174.002 | Calvin Houston | Chesapeake Operating | 10/24/2008 | | | 2197807 | Caddo | LA |
| LA100064.000 | Carlin Wade Caldwell, et ux | Goodrich Petroleum Company LLC | 6/27/2007 | | | 2107373 | Caddo | LA |
| LA100018.017 | Carol Lucille Johnson | Goodrich Petroleum Company LLC | 7/28/2006 | | | 2052209 | Caddo | LA |
| LA100174.003 | Carolyn Collins | Chesapeake Operating | 10/24/2008 | | | 2197799 | Caddo | LA |
| LA100203.044 | Carolyn H Coleman | Chesapeake Operating | 10/21/2009 | | | 2266888 | Caddo | LA |
| LA100103.000 | Carolyn J Luster | Goodrich Petroleum Company LLC | 10/10/2007 | | | 2125922 | Caddo | LA |
| LA100203.014 | Carolyn Pierre | Chesapeake Operating | 10/21/2009 | | | 2259285 | Caddo | LA |
| LA100018.007 | Carolyn Sanders | Goodrich Petroleum Company LLC | 7/22/2006 | | | 2050873 | Caddo | LA |

20

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100203.036 | Carrie Mae Neil | Chesapeake Operating | 10/21/2009 | | | 2263013 | Caddo | LA |
| LA100203.043 | Carrie N Cole | Chesapeake Operating | 10/21/2009 | | | 2266886 | Caddo | LA |
| | Carrie V Evans | Goodrich Petroleum Company LLC | 10/27/2006 | | | 2064429 | Caddo | LA |
| LA100028.006 | Carrie V Evans | Goodrich Petroleum Company LLC | 6/4/2007 | Amended OGML | | 2098897 | Caddo | LA |
| LA100130.035 | Carrie Wilson Glaster | Chesapeake Operating | 7/18/2008 | | | 2174472 | Caddo | LA |
| LA100062.007 | Carrie Wilson Glaster | Goodrich Petroleum Company LLC | 5/23/2008 | | | 2162886 | Caddo | LA |
| LA100062.007 | Carrie Wilson Glaster | Goodrich Petroleum Company LLC | 5/23/2008 | | | 2162886 | Caddo | LA |
| LA100203.008 | Casaundra Jones | Chesapeake Operating | 10/21/2009 | | | 2258753 | Caddo | LA |
| LA100336.001 | Casper Gerdes, Jr | Union Producing Company | 1/8/1954 | 713 | 697 | | Caddo | LA |
| LA100332.001 | Casper Gerdes, Jr. et al | Union Producing Company | 1/8/1954 | 713 | 693 | | Caddo | LA |
| LA100049.025 | Catherine Mclaughlin Lemoine | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2122568 | Caddo | LA |
| LA100007.001 | Champe Carter Graham | Delta Lands Exploration Inc | 4/14/2004 | | | 1917257 | Caddo | LA |
| LA100068.000 | Charles David Ramsey, et ux | Goodrich Petroleum Company LLC | 6/22/2007 | | | 2107397 | Caddo | LA |
| LA100198.000 | Charles E. Bayne | Chesapeake Operating | 1/22/2010 | | | 2271599 | Caddo | LA |
| LA100019.003 | Charles Henry Hunsicker | Goodrich Petroleum Company LLC | 6/9/2006 | | | 2044204 | Caddo | LA |
| LA100022.001 | Charles Henry Hunsicker | Goodrich Petroleum Company LLC | 9/19/2006 | | | 2057876 | Caddo | LA |
| LA100032.001 | Charles Henry Hunsicker et al | Goodrich Petroleum Company LLC | 4/4/2007 | | | 2092324 | Caddo | LA |
| LA100049.031 | Christine Doucet | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2125731 | Caddo | LA |
| LA100215.007 | Cindy Pace Long | Chesapeake Operating | 3/18/2010 | | | 2280886 | Caddo | LA |
| LA100018.024 | Clara S Hines | Goodrich Petroleum Company LLC | 10/4/2006 | | | 2062756 | Caddo | LA |
| LA100119.000 | Clara V Williams | Goodrich Petroleum Company LLC | 6/27/2007 | | | 2107399 | Caddo | LA |
| LA100030.000 | Clarence Brown | Goodrich Petroleum Company LLC | 12/14/2006 | | | 2077096 | Caddo | LA |
| LA100178.001 | Claude Lamar Smith | Chesapeake Operating | 5/21/2009 | | | 2230276 | Caddo | LA |
| LA100060.000 | Claudell Mack,et ux | Goodrich Petroleum Company LLC | 7/19/2007 | | | 2110775 | Caddo | LA |
| LA100049.035 | Colvin Resources Llc | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2129283 | Caddo | LA |
| LA100035.013 | Cornelia A Andress Broughton | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2094674 | Caddo | LA |
| | Cornell Perkins et ux | Goodrich Petroleum Company LLC | 4/30/2007 | | | 2093150 | Caddo | LA |
| LA100033.001 | Cornell Perkins et ux | Goodrich Petroleum Company LLC | 12/27/2007 | Amended OGML | | 2134980 | Caddo | LA |
| LA100203.035 | Corrie N Geter | Chesapeake Operating | 10/21/2009 | | | 2263012 | Caddo | LA |
| LA100179.003 | Curtis Cormier | Chesapeake Operating | 5/21/2009 | | | 2230275 | Caddo | LA |
| LA100018.029 | Cynthia D Smith | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2086209 | Caddo | LA |
| LA100203.031 | Cynthia Johnson | Chesapeake Operating | 10/21/2009 | | | 2262623 | Caddo | LA |

21

| LA100143.001 | Dana Tucker Jefferson, et al | Goodrich Petroleum Company LLC | 3/22/2007 | | | 2095274 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100099.000 | Daniel Clyde Rodriguez, et ux | Goodrich Petroleum Company LLC | 7/3/2007 | | | 2108534 | Caddo | LA |
| LA100079.001 | Darryl W Smith, et ux | Goodrich Petroleum Company LLC | 7/20/2007 | | | 2111408 | Caddo | LA |
| LA100080.000 | David Alan Whitfield, et ux | Goodrich Petroleum Company LLC | 7/18/2007 | | | 2113820 | Caddo | LA |
| LA100019.002 | David Buckelew Hunsicker Sr | Goodrich Petroleum Company LLC | 6/9/2006 | | | 2044203 | Caddo | LA |
| LA100032.003 | David Buckelew Hunsicker Sr | Goodrich Petroleum Company LLC | 4/11/2007 | | | 2091914 | Caddo | LA |
| LA100049.021 | David E Lee | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2120977 | Caddo | LA |
| LA100073.000 | David Lee Miller, et ux | Goodrich Petroleum Company LLC | 6/22/2007 | | | 2104789 | Caddo | LA |
| LA100105.000 | David Scott Lanius, et ux | Goodrich Petroleum Company LLC | 7/14/2007 | | | 2110780 | Caddo | LA |
| LA100203.024 | David Waddy | Chesapeake Operating | 10/21/2009 | | | 2260615 | Caddo | LA |
| LA100116.003 | Dawn Brewer Venable | Goodrich Petroleum Company LLC | 2/15/2007 | | | 2081642 | Caddo | LA |
| LA100059.000 | Deborah Ann Mack | Goodrich Petroleum Company LLC | 8/21/2007 | | | 2116959 | Caddo | LA |
| LA100116.001 | Deborah Brewer Kolb | Goodrich Petroleum Company LLC | 7/13/2007 | | | 2111407 | Caddo | LA |
| LA100019.004 | Deborah J Huns Silverberg | Goodrich Petroleum Company LLC | 6/9/2006 | | | 2044201 | Caddo | LA |
| LA100032.002 | Deborah June Hunsicker Silverberg | Goodrich Petroleum Company LLC | 4/11/2007 | | | 2093007 | Caddo | LA |
| LA100018.026 | Debra Smith Howard | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2077320 | Caddo | LA |
| LA100087.000 | Dewayne Thompson, et ux | Goodrich Petroleum Company LLC | 8/20/2007 | | | 2117083 | Caddo | LA |
| LA100049.015 | Diane Roshton Joplin | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124456 | Caddo | LA |
| LA100018.034 | Donald Catalon | Goodrich Petroleum Company LLC | 8/15/2006 | | | 2077317 | Caddo | LA |
| LA100083.000 | Donald E Woolsey, et ux | Goodrich Petroleum Company LLC | 7/11/2007 | | | 2113823 | Caddo | LA |
| LA100111.000 | Donald Leon Taylor | Goodrich Petroleum Company LLC | 6/21/2007 | | | 2104791 | Caddo | LA |
| LA100018.031 | Donald Ray Smith | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2086211 | Caddo | LA |
| LA100116.002 | Donna S Brewer | Goodrich Petroleum Company LLC | 2/13/2007 | | | 2081641 | Caddo | LA |
| LA100203.019 | Doris Franklin | Chesapeake Operating | 10/21/2009 | | | 2258064 | Caddo | LA |
| LA100175.003 | Doris Tompkins D Williamson | Chesapeake Operating | 4/2/2009 | | | 2222633 | Caddo | LA |
| LA100018.033 | Dorothy Bell | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2077318 | Caddo | LA |
| | Dorothy Doxey Branch, et al | Goodrich Oil Company, LLC | 4/21/2006 | | | 2030554 | Caddo | LA |
| LA100017.000 | Dorothy Doxey Branch, et al | Goodrich Oil Company, LLC | 4/11/2006 | | | 2076171 | Caddo | LA |
| LA100130.036 | Dorthel Hunter Thomas | Chesapeake Operating | 7/24/2008 | | | 2176877 | Caddo | LA |
| LA100233.001 | Dr. Joseph F. Fisher, et ux | Southern Production Company Inc | 9/5/1952 | 683 | 105 | 36801 | Caddo | LA |
| LA100117.000 | Dunedain Resources Llc | Goodrich Petroleum Company LLC | 10/2/2007 | | | 2123011 | Caddo | LA |
| LA100018.012 | Earlean Battee | Goodrich Petroleum Company LLC | 6/28/2006 | | | 2050879 | Caddo | LA |
| LA100018.003 | Eartha L Gibbs | Goodrich Petroleum Company LLC | 6/22/2006 | | | 2050878 | Caddo | LA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100102.000 | Eddie Bradford Burchell | Goodrich Petroleum Company LLC | 7/3/2007 | | | 2108532 | Caddo | LA |
| LA100042.000 | Edgar A Henley Jr, et ux | Goodrich Petroleum Company LLC | 10/7/2007 | | | 2102401 | Caddo | LA |
| LA100309.001 | Edgar S Talbert | Bryan M Lloyd | 1/7/1954 | 714 | 553 | | Caddo | LA |
| LA100149.001 | Edgar S Talbert | Southern Production Company Inc | 9/5/1952 | 675 | 382 | 36572 | Caddo | LA |
| LA100018.002 | Edith Delaney | Goodrich Petroleum Company LLC | 7/14/2006 | | | 2050880 | Caddo | LA |
| LA100018.030 | Edward Charles Smith | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2086210 | Caddo | LA |
| LA100177.004 | Edward Houston Jr | Chesapeake Operating | 10/24/2008 | | | 2197808 | Caddo | LA |
| LA100018.010 | Edward R Mack | Goodrich Petroleum Company LLC | 7/20/2006 | | | 2050868 | Caddo | LA |
| LA100035.022 | Elizabeth Dale McBride Jones | Goodrich Petroleum Company LLC | 8/4/2006 | | | 2052203 | Caddo | LA |
| LA100035.041 | Elizabeth Dale McBride Jones | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2106671 | Caddo | LA |
| LA100177.014 | Elizabeth Faye Bryant | Chesapeake Operating | 5/19/2010 | | | 2293074 | Caddo | LA |
| LA100107.001 | Elizabeth Katherine Thomas | Goodrich Petroleum Company LLC | 8/23/2007 | | | 2122822 | Caddo | LA |
| LA100146.002 | Elizabeth M Jelks, et al | Southern Production Company Inc | 10/18/1952 | 685 | 227 | | Caddo | LA |
| LA100181.000 | Elizabeth Townsley Tyson | Chesapeake Operating | 5/19/2009 | | | 2230039 | Caddo | LA |
| LA100046.001 | Ella E Williams Stough, et al | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2104048 | Caddo | LA |
| LA100049.022 | Elmo Pearce Lee III | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123300 | Caddo | LA |
| LA100161.000 | Elmo Thomas | Bryan M Lloyd | 1/7/1954 | 713 | 725 | 63786 | Caddo | LA |
| LA100130.018 | Eloyce R Marshall Dowl | Goodrich Petroleum Company LLC | 12/14/2007 | | | 2139248 | Caddo | LA |
| LA100028.002 | Elsie V Woods | Goodrich Petroleum Company LLC | 6/23/2006 | | | 2065901 | Caddo | LA |
| LA100045.000 | Emily Lee Jones | Goodrich Petroleum Company LLC | 9/23/2007 | | | 2103385 | Caddo | LA |
| LA100146.001 | Emmett Jelks | Jones -O'Brien Inc | 2/5/1957 | 806 | 665 | 150583 | Caddo | LA |
| LA100049.023 | Est Of Charles Galloway Lee Jr | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2122961 | Caddo | LA |
| LA100305.001 | Ethel Talbert Brooks | Bryan M Lloyd | 1/12/1954 | 713 | 335 | | Caddo | LA |
| LA100130.034 | Ethel Wilson Cooper | Chesapeake Operating | 7/18/2008 | | | 2174469 | Caddo | LA |
| LA100062.004 | Ethel Wilson Cooper | Goodrich Petroleum Company LLC | 5/23/2008 | | | 2160180 | Caddo | LA |
| LA100035.037 | Eugene Reding | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2107621 | Caddo | LA |
| LA100035.020 | Eugenia Mcbride Bridges | Goodrich Petroleum Company LLC | 4/12/2006 | 3847 | 765 | 2030550 | Caddo | LA |
| LA100035.039 | Eugenia Mcbride Bridges | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2103977 | Caddo | LA |
| LA100212.001 | Eunice Knabb Cate | Chesapeake Operating | 6/23/2010 | | | 2301022 | Caddo | LA |
| LA100130.024 | Eura Dell Lee Sims | Goodrich Petroleum Company LLC | 3/17/2008 | | | 2148000 | Caddo | LA |
| | Eura Lee Varner | Goodrich Petroleum Company LLC | 11/8/2006 | | | 2065900 | Caddo | LA |
| LA100028.001 | Eura Lee Varner | Goodrich Petroleum Company LLC | 5/30/2007 | Amended OGML | | 2097951 | Caddo | LA |
| LA100331.001 | Evergreen Baptist Church | Margaret Hasslocher | 8/29/1954 | 725 | 617 | | Caddo | LA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100140.000 | Evon Lafitte Burk, eet al | Goodrich Petroleum Company LLC | 3/25/2008 | | | 2148003 | Caddo | LA |
| LA100179.012 | Exa B Bloomer | Chesapeake Operating | 6/11/2009 | | | 2237814 | Caddo | LA |
| LA100047.000 | Feist Properties Llc | Goodrich Petroleum Company LLC | 10/21/2007 | | | 2105914 | Caddo | LA |
| LA100130.027 | Felisa Conner | Goodrich Petroleum Company LLC | 12/14/2007 | | | 2150058 | Caddo | LA |
| LA100027.000 | FHF, LLC | Goodrich Oil Company | 11/11/2005 | | | 2008369 | Caddo | LA |
| LA100027.001 | FHF, LLC | Goodrich Oil Company | 6/1/2008 | | | 2219678 | Caddo | LA |
| LA100035.032 | Forrest Vaughan | Goodrich Petroleum Company LLC | 5/23/2007 | | | 2106668 | Caddo | LA |
| LA100238.000 | Forrest Wayne Hurt | Goodrich Petroleum Company LLC | 2/9/2007 | | | 2081638 | Caddo | LA |
| LA100049.006 | Fortune Family Investments Ltd | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2122573 | Caddo | LA |
| | Foster Varner | Goodrich Petroleum Company LLC | 11/28/2006 | | | 2068657 | Caddo | LA |
| LA100028.004 | Foster Varner | Goodrich Petroleum Company LLC | 5/9/2007 | Amended OGML | | 2094975 | Caddo | LA |
| LA100132.000 | Frances Ann Salone Mills | Goodrich Petroleum Company LLC | 2/2/2008 | | | 2139912 | Caddo | LA |
| LA100179.009 | Frances L Bracy-Stringfellow | Chesapeake Operating | 5/21/2009 | | | 2232079 | Caddo | LA |
| LA100096.000 | Frank Voorhess Landon Et Ux | Goodrich Petroleum Company LLC | 7/6/2007 | | | 2108537 | Caddo | LA |
| LA100142.000 | Fred Ray Hayes | Goodrich Petroleum Company LLC | 3/25/2008 | | | 2147996 | Caddo | LA |
| LA100066.000 | Gary Loyd Whitis, et ux | Goodrich Petroleum Company LLC | 6/27/2007 | | | 2107393 | Caddo | LA |
| LA100135.000 | Gayle B Mcfarland, et vir | Goodrich Petroleum Company LLC | 2/6/2007 | | | 2081637 | Caddo | LA |
| LA100001.003 | Geneva Hearn Boyett | Delta Lands Exploration Inc | 2/19/2004 | | | 1912897 | Caddo | LA |
| LA100018.036 | George H Mills Jr Et Ux | Goodrich Petroleum Company LLC | 7/23/2007 | | | 2110828 | Caddo | LA |
| LA100072.000 | George Michael Kelley, et ux | Goodrich Petroleum Company LLC | 6/29/2007 | | | 2107381 | Caddo | LA |
| LA100062.001 | George Wilson III | Goodrich Petroleum Company LLC | 10/3/2007 | | | 2124986 | Caddo | LA |
| LA100062.009 | George Wilson III | Goodrich Petroleum Company LLC | 7/7/2008 | | | 2167242 | Caddo | LA |
| LA100001.002 | Georgia Adams Cook et al | Delta Lands Exploration Inc | 2/25/2004 | | | 1912896 | Caddo | LA |
| LA100236.001 | Glenn O. Smith | Southern Production Company Inc | 8/25/1952 | 194 | 334 | 229403 | Caddo | LA |
| LA100203.013 | Gloria Dean Small Morgan | Chesapeake Louisiana, LP | 10/21/2009 | | | 2260778 | Caddo | LA |
| LA100130.008 | Gloria Thomas | Goodrich Petroleum Company LLC | 12/20/2007 | | | 2134810 | Caddo | LA |
| LA100049.001 | Greer Royalty Corporation | Goodrich Petroleum Company LLC | 6/27/2007 | | | 2106734 | Caddo | LA |
| LA100180.000 | Gregory C Howell, et ux | Chesapeake Operating | 5/15/2009 | | | 2229084 | Caddo | LA |
| LA100130.016 | Gregory M Hunter | Goodrich Petroleum Company LLC | 12/14/2007 | | | 2140656 | Caddo | LA |
| LA100130.003 | Gregory Thomas | Goodrich Petroleum Company LLC | 1/5/2008 | | | 2137892 | Caddo | LA |
| LA100062.003 | Gregory Wayne Wilson | Goodrich Petroleum Company LLC | 5/23/2008 | | | 2160178 | Caddo | LA |
| LA100049.032 | Gus W Colvin Jr | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2126686 | Caddo | LA |

| LA100209.002 | GWC LA, LLC | Chesapeake Operating | 10/26/2009 | | | 2264674 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100114.000 | Hans Joachim Dyck Et Ux | Goodrich Petroleum Company LLC | 2/21/2007 | | | 2109096 | Caddo | LA |
| LA100182.000 | Harold B Green, et ux | Chesapeake Operating | 6/10/2009 | | | 2236306 | Caddo | LA |
| LA100101.000 | Harold Russell Fox | Goodrich Petroleum Company LLC | 7/3/2007 | | | 2108531 | Caddo | LA |
| LA100035.028 | Hazel Andress Owens Rieckert | Goodrich Petroleum Company LLC | 5/23/2007 | | | 2104787 | Caddo | LA |
| LA100203.006 | Hazel Lee Small Brown | Chesapeake Operating | 10/21/2009 | | | 2260621 | Caddo | LA |
| LA100151.000 | Helen Fay Johnson Gehron, et al | Bryan M Lloyd | 1/5/1954 | 199 | 359 | 233851 | Caddo | LA |
| LA100049.009 | Herold Winks Vallhonrat Llc | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124019 | Caddo | LA |
| LA100127.001 | Hersey Pettaway Jr Et Al | Goodrich Petroleum Company LLC | 11/9/2007 | | | 2130911 | Caddo | LA |
| LA100203.026 | Hiawatha Small | Chesapeake Operating | 10/21/2009 | | | 2260626 | Caddo | LA |
| LA100036.001 | Hollis R Bray Et Ux | Goodrich Petroleum Company LLC | 9/30/2007 | | | 2097201 | Caddo | LA |
| LA100095.000 | Howard Shane Brooks, et ux | Goodrich Petroleum Company LLC | 7/3/2007 | | | 2108539 | Caddo | LA |
| LA100130.004 | Howard Smith Jr | Goodrich Petroleum Company LLC | 12/14/2007 | | | 2137453 | Caddo | LA |
| LA100333.001 | Hunt Oil Company | Vernon E. Faulconer, Inc | 6/1/1992 | | | 527470 | Caddo | LA |
| LA100216.001 | Hunt Oil Company Of Louisiana | Chesapeake Operating | 3/4/2010 | | | 2285445 | Caddo | LA |
| LA100035.015 | Hyneman Miller Andress | Goodrich Petroleum Company LLC | 4/19/2007 | | | 2091916 | Caddo | LA |
| LA100130.005 | Ida Mae Washingtom | Goodrich Petroleum Company LLC | 1/10/2008 | | | 2137452 | Caddo | LA |
| LA100339.003 | Ida Spivey Johnson | Bryan M Lloyd | 11/29/1954 | 735 | 653 | | Caddo | LA |
| LA100213.001 | ILIOS Exploration LLC | Chesapeake Operating | 3/5/2010 | | | 2286015 | Caddo | LA |
| LA100330.001 | Independent Benevolent Lodge | Margaret Hasslocher | 6/7/1954 | 734 | 187 | | Caddo | LA |
| LA100130.023 | Iona Mae Lee Bell | Goodrich Petroleum Company LLC | 3/17/2008 | | | 2147999 | Caddo | LA |
| LA100130.009 | J B Thomas Jr | Goodrich Petroleum Company LLC | 12/20/2007 | | | 2134812 | Caddo | LA |
| LA100337.001 | J E Sandefur | George P Moran | 11/11/1954 | 735 | 603 | | Caddo | LA |
| LA100035.001 | J Howard Bass | Goodrich Petroleum Company LLC | 10/2/2006 | | | 2063499 | Caddo | LA |
| LA100324.004 | J T Lambeth | R A Whittington | 1/20/1954 | 713 | 745 | | Caddo | LA |
| LA100335.004 | J T Lambeth | R A Whittington | | | | | Caddo | LA |
| LA100202.001 | Jack Earl West, et ux | Chesapeake Operating | 10/21/2009 | | | 2264667 | Caddo | LA |
| LA100239.001 | Jack Earl West, et ux | Chesapeake Operating | 10/21/2009 | 795 | 1051 | 2264666 | Caddo | LA |
| LA100179.016 | James A Pritchett | Chesapeake Operating | 11/16/2009 | | | 2262626 | Caddo | LA |
| LA100243.000 | James Adams Fullilove | Delta Lands Exploration Inc | 3/9/2004 | | | 1912899 | Caddo | LA |
| LA100215.009 | James Allen Pace Jr | Chesapeake Operating | 3/16/2010 | | | 2280890 | Caddo | LA |
| LA100203.046 | James Britton | Chesapeake Operating | 10/21/2009 | | | 2269001 | Caddo | LA |
| LA100200.000 | James C. Willett | Chesapeake Operating | 12/21/2009 | | | 2267553 | Caddo | LA |

| LA100130.031 | James Calvin Wilson | Chesapeake Operating | 7/18/2008 | | | 2174476 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100062.002 | James Calvin Wilson | Goodrich Petroleum Company LLC | 2/28/2008 | | | 2144109 | Caddo | LA |
| LA100062.008 | James Calvin Wilson | Goodrich Petroleum Company LLC | 6/16/2008 | | | 2162615 | Caddo | LA |
| LA100067.000 | James Campbell Fant Jr, et ux | Goodrich Petroleum Company LLC | 6/25/2007 | | | 2107402 | Caddo | LA |
| LA100141.001 | James Carlton Lafitte Jr | Goodrich Petroleum Company LLC | 3/25/2008 | | | 2148002 | Caddo | LA |
| LA100001.001 | James Claiborne Cook Jr et ux | Delta Lands Exploration Inc | 2/19/2004 | | | 1912900 | Caddo | LA |
| LA100206.001 | James Earl Bennett | Chesapeake Operating | 11/10/2009 | | | 2259475 | Caddo | LA |
| LA100207.001 | James Earl Bennett | Chesapeake Operating | 11/10/2009 | 4290 | 391 | 2259476 MEMO | Caddo | LA |
| LA100138.000 | James Giddens, et ux | Goodrich Petroleum Company LLC | 3/18/2008 | | | 2147084 | Caddo | LA |
| LA100136.000 | James L. Williams Etux Ofelia | Goodrich Petroleum Company LLC | 3/11/2008 | | | 2145155 | Caddo | LA |
| LA100049.004 | James Ludwig Colvin | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2120975 | Caddo | LA |
| LA100217.001 | James M Garcia, et al | Chesapeake Operating | 3/4/2010 | | | 2280276 | Caddo | LA |
| LA100215.006 | James Mallory Pace | Chesapeake Operating | 3/18/2010 | | | 2280889 | Caddo | LA |
| LA100203.041 | James Neal | Chesapeake Operating | 10/21/2009 | | | 2264662 | Caddo | LA |
| LA100177.016 | James Presentine | Chesapeake Operating | 5/19/2010 | | | 2293075 | Caddo | LA |
| | James Varner | Goodrich Petroleum Company LLC | 10/27/2006 | | | 2064430 | Caddo | LA |
| LA100028.007 | James Varner | Goodrich Petroleum Company LLC | 6/6/2007 | Amended OGML | | 2099221 | Caddo | LA |
| LA100214.001 | James William Sanders LLC | Chesapeake Operating | 3/18/2010 | | | 2281905 | Caddo | LA |
| LA100137.001 | James Williams Jr | Goodrich Petroleum Company LLC | 3/11/2008 | | | 2145155 | Caddo | LA |
| LA100112.000 | Jan Tucker Werner | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2109095 | Caddo | LA |
| LA100018.037 | Janae Williams, et al | Chesapeake Operating | 5/27/2010 | | | 2292421 | Caddo | LA |
| LA100209.001 | Jane Colvin Hubbard | Chesapeake Operating | 10/26/2009 | | | 2262631 | Caddo | LA |
| LA100049.011 | Jane Colvin Hubbard | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123095 | Caddo | LA |
| LA100065.000 | Jasper Wilkins Johnson Jr, et ux | Goodrich Petroleum Company LLC | 6/29/2007 | | | 2107391 | Caddo | LA |
| LA100018.019 | Jean Ellis | Goodrich Petroleum Company LLC | 7/28/2006 | | | 2052208 | Caddo | LA |
| LA100018.027 | Jeanette Smith Wilson | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2077319 | Caddo | LA |
| LA100018.025 | Jeff Smith Jr | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2077321 | Caddo | LA |
| LA100084.002 | Jeffery E Turner | Goodrich Petroleum Company LLC | 7/17/2007 | | | 2116857 | Caddo | LA |
| LA100097.000 | Jeffrey Andrew Gandy, et ux | Goodrich Petroleum Company LLC | 7/6/2007 | | | 2108536 | Caddo | LA |
| LA100075.000 | Jeffrey Lane Hall | Goodrich Petroleum Company LLC | 7/13/2007 | | | 2110776 | Caddo | LA |
| LA100194.000 | Jeremy Mathews | Chesapeake Operating | 1/11/2010 | | | 2269179 | Caddo | LA |
| LA100203.040 | Jerry Houston | Chesapeake Operating | 10/21/2009 | | | 2262624 | Caddo | LA |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| LA100145.001 | Jerry L Canady | Goodrich Petroleum Company LLC | 3/20/2007 | | | | 2095270 | Caddo | LA |
| LA100018.032 | Jerry W Smith | Goodrich Petroleum Company LLC | 10/26/2006 | | | | 2086212 | Caddo | LA |
| LA100130.038 | Jerry Wayne Mack | Chesapeake Operating | 5/28/2009 | | | | 2231434 | Caddo | LA |
| LA100177.013 | Jerry Wayne Mack | Chesapeake Operating | 5/28/2009 | | | | 2231433 | Caddo | LA |
| LA100018.015 | Jim Johnson Jr | Goodrich Petroleum Company LLC | 7/28/2006 | | | | 2052206 | Caddo | LA |
| LA100018.023 | Jimmie L Harris | Goodrich Petroleum Company LLC | 8/4/2006 | | | | 2061519 | Caddo | LA |
| LA100306.001 | Jimmie Lee Talbert Cook | Bryan M Lloyd | 12/31/1953 | 713 | 187 | | | Caddo | LA |
| LA100049.013 | Jinks Family Llc | Goodrich Petroleum Company LLC | 9/7/2007 | | | | 2122570 | Caddo | LA |
| LA100035.014 | Joan Chaffe Andress Williamson | Goodrich Petroleum Company LLC | 4/19/2007 | | | | 2091917 | Caddo | LA |
| LA100018.001 | John A Sims | Goodrich Petroleum Company LLC | 6/20/2006 | | | | 2044198 | Caddo | LA |
| LA100019.006 | John Edward Hunsicker III | Goodrich Petroleum Company LLC | 6/9/2006 | | | | 2044202 | Caddo | LA |
| LA100032.004 | John Edward Hunsicker III | Goodrich Petroleum Company LLC | 4/4/2007 | | | | 2092325 | Caddo | LA |
| LA100049.002 | John Gardner Nelson | Goodrich Petroleum Company LLC | 7/9/2007 | | | | 2109100 | Caddo | LA |
| LA100035.043 | John H Mcmurphy III | Goodrich Petroleum Company LLC | 5/10/2007 | | | | 2133971 | Caddo | LA |
| LA100035.029 | John M Owens | Goodrich Petroleum Company LLC | 5/23/2007 | | | | 2108703 | Caddo | LA |
| LA100110.000 | John Michael Renfroe, et ux | Goodrich Petroleum Company LLC | 6/21/2007 | | | | 2104790 | Caddo | LA |
| LA100129.000 | John Murray Morvan | Goodrich Petroleum Company LLC | 12/6/2007 | | | | 2132070 | Caddo | LA |
| LA100215.004 | John Oliver Sanders | Chesapeake Operating | 3/18/2010 | | | | 2280893 | Caddo | LA |
| LA100127.002 | John Pettaway, et al | Goodrich Petroleum Company LLC | 11/7/2007 | | | | 2130912 | Caddo | LA |
| LA100049.010 | John Preston Hoffman | Goodrich Petroleum Company LLC | 9/7/2007 | | | | 2121916 | Caddo | LA |
| LA100130.015 | John R Hunter | Goodrich Petroleum Company LLC | 12/13/2007 | | | | 2140657 | Caddo | LA |
| LA100203.038 | John Robert Neil Jr Et Al | Chesapeake Louisiana, LP | 10/21/2009 | | | | 2264663 | Caddo | LA |
| LA100179.010 | Johnny Ray Bracy | Chesapeake Operating | 5/21/2009 | | | | 2232080 | Caddo | LA |
| LA100041.000 | Johnny Ray Henley, et ux | Goodrich Petroleum Company LLC | 10/7/2007 | | | | 2102405 | Caddo | LA |
| LA100179.015 | Johnny Ray Hines | Chesapeake Operating | 7/30/2009 | | | | 2244198 | Caddo | LA |
| LA100203.049 | Joneca Gilmer | Chesapeake Operating | 10/21/2009 | | | | 2260776 | Caddo | LA |
| LA100035.045 | Joseph Gabriel Rieckert | Chesapeake Operating | 4/20/2010 | | | | 2293246 | Caddo | LA |
| LA100203.030 | Joseph Small | Chesapeake Operating | 10/21/2009 | | | | 2260775 | Caddo | LA |
| LA100227.002 | Joyce Mckenzie | Chesapeake Louisiana, LP | 1/15/2009 | | | | 2207146 | Caddo | LA |
| LA100018.018 | Joycelyn Carmon | Goodrich Petroleum Company LLC | 7/28/2006 | | | | 2052210 | Caddo | LA |
| LA100229.000 | Judith Johnson Keiss | Chesapeake Louisiana, LP | 1/1/2010 | | | | 2277494 | Caddo | LA |
| LA100031.002 | Justin C Owen | Goodrich Petroleum Company LLC | 4/26/2007 | | | | 2093008 | Caddo | LA |
| LA100049.014 | Katherine Lee Johnson | Goodrich Petroleum Company LLC | 9/7/2007 | | | | 2122572 | Caddo | LA |

| LA100049.012 | Katherine Roshton Hudgins | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124452 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100173.000 | Kathleen Turner Thomas | Chesapeake Operating | 1/30/2009 | | | 2211518 | Caddo | LA |
| LA100107.003 | Kathleen Turner Thomas | Goodrich Petroleum Company LLC | 8/3/2007 | | | 2116581 | Caddo | LA |
| LA100148.001 | Keatchie Investment Corp | Southern Production Company Inc | 8/25/1952 | 675 | 332 | | Caddo | LA |
| LA100174.005 | Keith Mack | Chesapeake Operating | 1/19/2009 | | | 2213493 | Caddo | LA |
| LA100123.000 | Kenneth Edward Simpson Et Ux | Goodrich Petroleum Company LLC | 6/26/2007 | | | 2107386 | Caddo | LA |
| LA100203.021 | Kenneth Lee Fuller | Chesapeake Operating | 10/21/2009 | | | 2261721 | Caddo | LA |
| LA100018.014 | Kent Johnson | Goodrich Petroleum Company LLC | 7/28/2006 | | | 2052205 | Caddo | LA |
| LA100128.000 | Kimberly Kellum Langlois | Goodrich Petroleum Company LLC | 10/17/2007 | | | 2130543 | Caddo | LA |
| LA100024.000 | L J Willis et al | Goodrich Petroleum Company LLC | 6/19/2006 | | | 2048685 | Caddo | LA |
| LA100130.028 | L. C. Coleman | Goodrich Petroleum Company LLC | 2/5/2008 | | | 2150061 | Caddo | LA |
| LA100028.003 | Larry Varner | Goodrich Petroleum Company LLC | 7/1/2006 | | | 2067147 | Caddo | LA |
| LA100174.015 | Latine Mack | Chesapeake Operating | 6/2/2010 | | | 2293073 | Caddo | LA |
| LA100130.033 | Latoya Fields | Chesapeake Operating | 7/18/2008 | | | 2174461 | Caddo | LA |
| LA100130.032 | Latrinda Fields Jones | Chesapeake Operating | 7/18/2008 | | | 2174475 | Caddo | LA |
| LA100062.005 | Latrinda Fields Jones, et al | Goodrich Petroleum Company LLC | 5/23/2008 | | | 2159041 | Caddo | LA |
| LA100035.010 | Laura Riley Dowell | Goodrich Petroleum Company LLC | 4/27/2007 | | | 2096016 | Caddo | LA |
| LA100143.002 | Laurie Tucker Landrieu | Goodrich Petroleum Company LLC | 3/9/2007 | | | 2095271 | Caddo | LA |
| LA100339.002 | Leonard B Johnson | N C McGowen, Jr | 11/27/1954 | 735 | 657 | | Caddo | LA |
| LA100307.001 | Leonard B Johnson Sr, et al | Bryan M Lloyd | 1/3/1954 | 713 | 467 | | Caddo | LA |
| LA100058.000 | Liberty C M E Church | Goodrich Petroleum Company LLC | 9/11/2007 | | | 2120849 | Caddo | LA |
| LA100179.001 | Linda Hines Saboor | Chesapeake Operating | 5/27/2009 | | | 2230274 | Caddo | LA |
| LA100203.034 | Linda K Neil | Chesapeake Louisiana, LP | 10/21/2009 | | | 2264675 | Caddo | LA |
| LA100130.011 | Linda Sue Thomas | Goodrich Petroleum Company LLC | 12/20/2007 | | | 2134813 | Caddo | LA |
| LA100203.010 | Lisa Johnson | Chesapeake Operating | 10/21/2009 | | | 2259288 | Caddo | LA |
| LA100018.005 | Lois Taylor | Goodrich Petroleum Company LLC | 6/30/2006 | | | 2050876 | Caddo | LA |
| LA100109.000 | Lonnie B Corner Et Ux | Goodrich Petroleum Company LLC | 10/18/2007 | | | 2125616 | Caddo | LA |
| LA100104.000 | Lonnie B Corner, et ux | Goodrich Petroleum Company LLC | 10/9/2007 | | | 2124206 | Caddo | LA |
| LA100070.001 | Lonnie Lee Lindsey, et al | Goodrich Petroleum Company LLC | 6/22/2007 | | | 2107389 | Caddo | LA |
| LA100159.001 | Lorena Harris | Jack W Grigsby | 1/28/1954 | 720 | 165 | 66287 | Caddo | LA |
| LA100018.016 | Lorraine Harris | Goodrich Petroleum Company LLC | 7/28/2006 | | | 2052207 | Caddo | LA |
| LA100040.000 | Louis Leon Henley, et ux | Goodrich Petroleum Company LLC | 10/7/2007 | | | 2102406 | Caddo | LA |
| LA100130.040 | Louis Leslie Myles | Chesapeake Operating | 12/4/2009 | | MEMO | 2264333 | Caddo | LA |

28

| LA100177.017 | Louis Myles | Chesapeake Operating | 4/14/2010 | | | 2292350 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100035.034 | Lucy Mcmurphy Burdine | Goodrich Petroleum Company LLC | 5/10/2007 | | | 2108544 | Caddo | LA |
| LA100130.025 | Lula Alfred | Goodrich Petroleum Company LLC | 2/11/2008 | | | 2148369 | Caddo | LA |
| LA100130.002 | Lula V. Johnson | Goodrich Petroleum Company LLC | 1/15/2008 | | | 2138478 | Caddo | LA |
| LA100049.026 | M C Davis Llc | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123299 | Caddo | LA |
| LA100088.000 | Mac Arthur Watts | Goodrich Petroleum Company LLC | 8/24/2007 | | | 2116958 | Caddo | LA |
| LA100199.000 | Margaret D Dixon | Chesapeake Operating | 1/27/2010 | | | 2272085 | Caddo | LA |
| LA100338.001 | Margaret Fairchild Ross, et vir | George P Moran | 11/23/1954 | 745 | 155 | | Caddo | LA |
| LA100311.001 | Margaret Sebelien, et al | T K Harlan, et al | 1/12/1955 | 745 | 541 | | Caddo | LA |
| LA100049.036 | Marguerite C Mcgill Estate | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2129809 | Caddo | LA |
| LA100106.000 | Marguerite Gatti H Lanius | Goodrich Petroleum Company LLC | 7/14/2007 | | | 2110779 | Caddo | LA |
| LA100035.002 | Marian Bass Farris | Goodrich Petroleum Company LLC | 9/30/2006 | | | 2063498 | Caddo | LA |
| LA100049.007 | Maribeth Lee Gamble | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123301 | Caddo | LA |
| LA100009.000 | Marie F Hunsicker, et al | Delta Lands Exploration Inc | 3/3/2004 | | | 1912901 | Caddo | LA |
| LA100018.035 | Marilyn Barnett Light | Goodrich Petroleum Company LLC | 7/12/2007 | | | 2109634 | Caddo | LA |
| LA100035.012 | Marion Florey Finklea | Goodrich Petroleum Company LLC | 4/23/2007 | | | 2094676 | Caddo | LA |
| LA100035.009 | Marion Leslie Cook | Goodrich Petroleum Company LLC | 4/27/2007 | | | 2096019 | Caddo | LA |
| LA100074.001 | Marion Thomas Heath. et ux | Goodrich Petroleum Company LLC | 7/13/2007 | | | 2110778 | Caddo | LA |
| LA100203.037 | Mary Ann Neal | Chesapeake Operating | 10/21/2009 | | | 2263010 | Caddo | LA |
| LA100049.033 | Mary Cousins Rains | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2128122 | Caddo | LA |
| LA100025.002 | Mary D Gerard Estate | Goodrich Petroleum Company LLC | 10/13/2006 | | | 2066474 | Caddo | LA |
| LA100026.002 | Mary D Gerard Estate | Goodrich Petroleum Company LLC | 10/13/2006 | | | 2066470 | Caddo | LA |
| LA100035.036 | Mary E Reding | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2107623 | Caddo | LA |
| LA100120.000 | Mary Evergreen Church | Goodrich Petroleum Company LLC | 8/22/2007 | | | 2116480 | Caddo | LA |
| LA100203.016 | Mary Gail Britton | Chesapeake Operating | 10/21/2009 | | | 2260617 | Caddo | LA |
| LA100035.008 | Mary K Earley | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2094670 | Caddo | LA |
| LA100130.006 | Mary L Thomas | Goodrich Petroleum Company LLC | 1/5/2008 | | | 2137454 | Caddo | LA |
| LA100179.011 | Mary Louise Brown | Chesapeake Operating | 5/20/2009 | | | 2231587 | Caddo | LA |
| LA100049.005 | Mary Mclaughlin Domingue | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124454 | Caddo | LA |
| LA100018.013 | Mary Pierce | Goodrich Petroleum Company LLC | 7/24/2006 | | | 2050865 | Caddo | LA |
| LA100130.014 | Mary Pierce | Goodrich Petroleum Company LLC | 12/6/2007 | | | 2135949 | Caddo | LA |
| LA100049.027 | Mary Roshton Maxwell | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124455 | Caddo | LA |
| LA100130.012 | Maurice Thomas | Goodrich Petroleum Company LLC | 12/20/2007 | | | 2134814 | Caddo | LA |

29

| LA100044.000 | Mcgregor Koonce Inc | Goodrich Petroleum Company LLC | 9/30/2007 | | | 2103505 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100035.021 | Medora Ann McBride Chilcutt | Goodrich Petroleum Company LLC | 8/4/2006 | | | 2052202 | Caddo | LA |
| LA100035.040 | Medora Ann Mcbride Chilcutt | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2106673 | Caddo | LA |
| LA100179.005 | Melvin Glenn Cormier | Chesapeake Operating | 5/21/2009 | | | 2232082 | Caddo | LA |
| LA100035.026 | Merry O Line | Goodrich Petroleum Company LLC | 5/23/2007 | | | 2102399 | Caddo | LA |
| LA100203.023 | Michael Allen Britton | Chesapeake Operating | 10/21/2009 | | | 2260613 | Caddo | LA |
| LA100092.000 | Michael Angelo Lasuzzo, et ux | Goodrich Petroleum Company LLC | 7/9/2007 | | | 2109092 | Caddo | LA |
| LA100174.011 | Michael Breedlove | Chesapeake Operating | 5/20/2009 | | | 2228649 | Caddo | LA |
| LA100061.002 | Michael Keith Pruitt | Goodrich Petroleum Company LLC | 1/10/2008 | | | 2137893 | Caddo | LA |
| LA100122.000 | Michael Normand,et al | Goodrich Petroleum Company LLC | 6/22/2007 | | | 2104792 | Caddo | LA |
| LA100049.017 | Michael Thomas Jordan | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2122567 | Caddo | LA |
| LA100203.004 | Michael Vonbritton &s Wingfie | Chesapeake Operating | 10/21/2009 | | | 2259286 | Caddo | LA |
| LA100130.026 | Mildred Coleman Thomas | Goodrich Petroleum Company LLC | 2/11/2008 | | | 2146415 | Caddo | LA |
| LA100035.042 | Mildred Katrina Reding Stevens | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2107620 | Caddo | LA |
| LA100028.008 | Monica Varner Jones | Goodrich Petroleum Company LLC | 2/6/2007 | | | 2094974 | Caddo | LA |
| LA100035.011 | Monnie Louise Reid | Goodrich Petroleum Company LLC | 4/27/2007 | | | 2096021 | Caddo | LA |
| LA100335.002 | Mrs Jessie V Bolen, et al | Ace Oil Company | 1/18/1954 | 716 | 303 | | Caddo | LA |
| LA100313.001 | Mrs. Cora B Mathews | Ovation Energy II LP | 2/7/1955 | 746 | 151 | | Caddo | LA |
| LA100324.003 | Mrs. Dorothy Lambeth Nurdin, et al | Ace Oil Company | | | | | Caddo | LA |
| LA100335.003 | Mrs. Dorothy Lambeth Nurdin, et al | Ace Oil Company | 1/18/1954 | 716 | 307 | | Caddo | LA |
| LA100304.001 | Mrs. Henrietta Brummett O'Neal, et al | Ed C Oden | 4/14/1954 | 722 | 45 | | Caddo | LA |
| LA100324.002 | Mrs. Jessie V Bolen, et al | Ace Oil Company | 1/18/1954 | 716 | 303 | | Caddo | LA |
| LA100018.004 | Murray Sims | Goodrich Petroleum Company LLC | 6/22/2006 | | | 2050877 | Caddo | LA |
| LA100056.000 | Muslow Land & Timber & Freyer | Goodrich Petroleum Company LLC | 8/7/2007 | | | 2113836 | Caddo | LA |
| LA100031.003 | Nancy Ann Adams Williams | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2096014 | Caddo | LA |
| LA100035.017 | Nathaniel Wesley Sentell Trust, et al | Goodrich Petroleum Company LLC | 4/6/2006 | | | 2030548 | Caddo | LA |
| LA100303.001 | Nelwyn Talbert Hodgins | Bryan M Lloyd | 1/5/1954 | 713 | 331 | | Caddo | LA |
| LA100050.003 | New Macedonia Bapt Church | Chesapeake Operating | 4/24/2009 | | | 2228618 | Caddo | LA |
| LA100177.001 | New Macedonia Baptist Church | Chesapeake Operating | 4/24/2009 | 4233 | 123 | 2231598 | Caddo | LA |
| LA100130.037 | Newman B Peyton Jr | Chesapeake Operating | 9/9/2008 | | | 2208684 | Caddo | LA |
| LA100215.008 | Noel Jean Sanders Matthews | Chesapeake Operating | 3/18/2010 | | | 2280892 | Caddo | LA |
| LA100035.023 | Ochsner Clinic Foundation | Goodrich Petroleum Company LLC | 6/8/2007 | | | 2103504 | Caddo | LA |
| LA100091.000 | Odis Wayne Caldwell, et ux | Goodrich Petroleum Company LLC | 7/6/2007 | | | 2109091 | Caddo | LA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100035.005 | Orline Florey | Goodrich Petroleum Company LLC | 4/23/2007 | | | 2094678 | Caddo | LA |
| LA100130.029 | Ossie M Heard | Goodrich Petroleum Company LLC | 12/3/2007 | | | 2167598 | Caddo | LA |
| LA100174.007 | Ossie Mack Heard | Chesapeake Operating | 2/5/2009 | | | 2211517 | Caddo | LA |
| LA100147.001 | P J Bass | Southern Production Company Inc | 8/26/1952 | 675 | 338 | | Caddo | LA |
| LA100215.005 | Pace Bogle Properties | Chesapeake Operating | 3/16/2010 | | | 2280888 | Caddo | LA |
| LA100193.000 | Pamela D Benzinger | Chesapeake Operating | 12/28/2009 | | | 2267549 | Caddo | LA |
| LA100049.029 | Park Family Trust | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124453 | Caddo | LA |
| LA100107.002 | Patricia Anita Thomas | Goodrich Petroleum Company LLC | 8/23/2007 | | | 2122824 | Caddo | LA |
| LA100130.020 | Patricia H Burton | Goodrich Petroleum Company LLC | 12/3/2007 | | | 2134919 | Caddo | LA |
| LA100227.001 | Patricia Mckenzie | Chesapeake Operating | 1/22/2009 | | | 2208492 | Caddo | LA |
| LA100049.034 | Patsy Hoffman Bond | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2128728 | Caddo | LA |
| LA100018.028 | Patsy Smith Henderson | Goodrich Petroleum Company LLC | 10/26/2006 | | | 2077316 | Caddo | LA |
| LA100049.008 | Patty Colvin Hall | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2122571 | Caddo | LA |
| LA100130.017 | Patty H Beaudion | Goodrich Petroleum Company LLC | 12/3/2007 | | | 2133970 | Caddo | LA |
| LA100209.003 | PCH Louisiana Inc | Chesapeake Operating | 10/26/2009 | | | 2260747 | Caddo | LA |
| LA100179.014 | Peggy Lurline Brown | Chesapeake Operating | 6/11/2009 | | | 2239434 | Caddo | LA |
| LA100203.028 | Peyara Lee | Chesapeake Louisiana, LP | 10/21/2009 | | | 2260777 | Caddo | LA |
| LA100130.010 | R L Thomas | Goodrich Petroleum Company LLC | 12/20/2007 | | | 2134811 | Caddo | LA |
| LA100035.033 | Ralph Jones McMurphy | Goodrich Petroleum Company LLC | 5/10/2007 | | | 2098643 | Caddo | LA |
| LA100050.001 | Ramsey Company, LLC | Goodrich Petroleum Company LLC | 7/9/2007 | | | 2108541 | Caddo | LA |
| LA100076.001 | Randall Dane Boyett. et ux | Goodrich Petroleum Company LLC | 7/16/2007 | | | 2110781 | Caddo | LA |
| LA100086.000 | Randall Lake Guin, et ux | Goodrich Petroleum Company LLC | 9/11/2007 | | | 2119667 | Caddo | LA |
| LA100174.009 | Randy Presentine | Chesapeake Operating | 5/20/2009 | | | 2228651 | Caddo | LA |
| LA100100.000 | Ray Kenneth Walker, et ux | Goodrich Petroleum Company LLC | 7/5/2007 | | | 2108533 | Caddo | LA |
| LA100012.001 | Raymond F Fulco Et Ux | Delta Lands Exploration Inc | 7/23/2004 | | | 1938260 | Caddo | LA |
| LA100016.001 | Raymond Francis Fulco | Goodrich Petroleum Company LLC | 6/16/2005 | | | 1988216 | Caddo | LA |
| LA100215.002 | Rebecca Parce | Chesapeake Operating | 3/26/2010 | | | 2281903 | Caddo | LA |
| LA100025.001 | Red Oak Timber Company Llc | Goodrich Petroleum Company LLC | 10/13/2006 | | | 2066480 | Caddo | LA |
| LA100026.001 | Red Oak Timber Llc | Goodrich Petroleum Company LLC | 10/13/2006 | | | 2066477 | Caddo | LA |
| LA100147.003 | Redden T Andress | Southern Production Company Inc | 8/26/1952 | 680 | 496 | 36188 | Caddo | LA |
| LA100035.016 | Redden Thaddeus Andress | Goodrich Petroleum Company LLC | 4/11/2007 | | | 2091918 | Caddo | LA |
| LA100203.011 | Regina Waddy | Chesapeake Operating | 10/21/2009 | | | 2259284 | Caddo | LA |
| LA100043.000 | REOB LLC | Goodrich Petroleum Company LLC | 9/28/2007 | | | 2103507 | Caddo | LA |

| LA100130.030 | Richard Anderson | Chesapeake Operating | 10/13/2008 | | | 2204676 | Caddo | LA |
|---|---|---|---|---|---|---|---|---|
| LA100108.002 | Richard C Small | Goodrich Petroleum Company LLC | 1/15/2008 | | | 2138477 | Caddo | LA |
| LA100049.018 | Richard Colvin Jordan | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2124018 | Caddo | LA |
| LA100010.001 | Richard H Evans, et ux | Delta Lands Exploration Inc | 5/19/2004 | | | 2161875 | Caddo | LA |
| LA100069.000 | Richard John Hedlund Jr, et ux | Goodrich Petroleum Company LLC | 6/21/2007 | | | 2107395 | Caddo | LA |
| LA100174.010 | Richard Mack Jr | Chesapeake Operating | 5/20/2009 | | | 2228647 | Caddo | LA |
| LA100121.001 | Richard Ray Smith, et ux | Goodrich Petroleum Company LLC | 7/31/2007 | | | 2113824 | Caddo | LA |
| LA100139.000 | Ricky Burk Sr, et ux | Goodrich Petroleum Company LLC | 3/18/2008 | | | 2147085 | Caddo | LA |
| LA100035.024 | Robert F Kennon Jr Et Al | Goodrich Petroleum Company LLC | 5/3/2007 | | | 2098214 | Caddo | LA |
| LA100049.019 | Robert Henry Jordan | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123786 | Caddo | LA |
| LA100133.000 | Robert Holder Hester | Goodrich Petroleum Company LLC | 2/8/2007 | | | 2081640 | Caddo | LA |
| LA100126.000 | Robert K Franklin Et Ux | Goodrich Petroleum Company LLC | 10/17/2007 | | | 2126154 | Caddo | LA |
| LA100035.003 | Robert P Bass | Goodrich Petroleum Company LLC | 9/15/2006 | | | 2059103 | Caddo | LA |
| LA100013.000 | Robinson Bros Farms LP | Delta Lands Exploration Inc | 8/16/2004 | | | 1938261 | Caddo | LA |
| LA100048.001 | Robinson Bros Farms Lp | Goodrich Petroleum Company LLC | 6/21/2007 | | | 2104780 | Caddo | LA |
| LA100340.000 | Robinson Brothers Farms, LP | Island Oil Company | | | | 2411496 | Caddo | LA |
| LA100184.000 | Ronald Earl Green | Chesapeake Operating | 8/20/2009 | | | 2247698 | Caddo | LA |
| LA100070.002 | Ronald Stephen Lindsey | Goodrich Petroleum Company LLC | 6/22/2007 | | | 2108540 | Caddo | LA |
| LA100149.002 | Rosa Ablon, et al | Southern Production Company Inc | 9/11/1952 | 683 | 51 | | Caddo | LA |
| LA100130.041 | Rosalyn Marie Perkins | Chesapeake Operating | 1/7/2010 | | | 2271712 MEMO | Caddo | LA |
| LA100177.018 | Rosalyn Perkins | Chesapeake Operating | 4/14/2010 | | | 2283531 | Caddo | LA |
| LA100035.035 | Russell L Reding | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2110754 | Caddo | LA |
| LA100018.022 | Ruth H Moss | Goodrich Petroleum Company LLC | 8/4/2006 | | | 2061520 | Caddo | LA |
| LA100130.022 | Ruth Moss B Crenshaw P-o-a | Goodrich Petroleum Company LLC | 12/6/2007 | | | 2145829 | Caddo | LA |
| LA100028.011 | Ruthy Mae Varner | Goodrich Petroleum Company LLC | 8/23/2007 | Amended OGML | | 2116485 | Caddo | LA |
| | Ruthy Mae Varner | Goodrich Petroleum Company LLC | 4/16/2007 | | | 2090688 | Caddo | LA |
| LA100339.001 | S E Johnson | R A Whittington | 1/30/1954 | 720 | 55 | | Caddo | LA |
| LA100084.001 | Sally E Turner | Goodrich Petroleum Company LLC | 7/17/2007 | | | 2120550 | Caddo | LA |
| LA100179.006 | Sanders Bracy | Chesapeake Operating | 5/21/2009 | | | 2231581 | Caddo | LA |
| LA100035.027 | Sarah Mims | Goodrich Petroleum Company LLC | 5/23/2007 | | | 2102400 | Caddo | LA |
| LA100035.031 | Sarah O Roberts | Goodrich Petroleum Company LLC | 5/23/2007 | | | 2104785 | Caddo | LA |
| LA100035.004 | Sentell Irrev Trust, et al | Goodrich Petroleum Company LLC | 5/14/2007 | | | 2097591 | Caddo | LA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100085.000 | Sharon Piggs, et al | Goodrich Petroleum Company LLC | 10/2/2007 | | | 2123071 | Caddo | LA |
| LA100035.030 | Sheri O Spillers | Goodrich Petroleum Company LLC | 5/23/2007 | | | 2107617 | Caddo | LA |
| LA100179.008 | Sherman Hines | Chesapeake Operating | 5/20/2009 | | | 2231586 | Caddo | LA |
| LA100203.015 | Sherry Small Wiley | Chesapeake Operating | 10/21/2009 | | | 2260616 | Caddo | LA |
| LA100203.039 | Shirley Jean Small Stallworth | Chesapeake Operating | 10/21/2009 | | | 2262435 | Caddo | LA |
| | Shirley Varner Simon | Goodrich Petroleum Company LLC | 8/23/2007 | Amended OGML | | 2090687 | Caddo | LA |
| LA100028.010 | Shirley Varner Simon | Goodrich Petroleum Company LLC | 7/1/2006 | | | 2116484 | Caddo | LA |
| LA100049.020 | Sidney Herold Lazard Family | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2120976 | Caddo | LA |
| LA100019.005 | Sidney K Hunsicker Guinn | Goodrich Petroleum Company LLC | 6/9/2006 | | | 2044200 | Caddo | LA |
| LA100021.000 | Sidney K Hunsicker Guinn | Goodrich Petroleum Company LLC | 9/19/2006 | | | 2057877 | Caddo | LA |
| LA100196.000 | Simmons Land LLC | Chesapeake Operating | 1/13/2010 | | | 2269157 | Caddo | LA |
| LA100118.000 | Sonny Blackshire, et ux | Goodrich Petroleum Company LLC | 9/25/2007 | | | 2124224 | Caddo | LA |
| LA100035.018 | Standard Wood Preservers | Goodrich Petroleum Company LLC | 4/11/2006 | | | 2034061 | Caddo | LA |
| LA100175.001 | Steven E Howard | Chesapeake Operating | 4/2/2009 | | | 2222634 | Caddo | LA |
| LA100192.000 | Steven Wright | Chesapeake Operating | 12/7/2009 | | | 2264898 | Caddo | LA |
| LA100050.002 | Susan Johnson Dubuisson | Goodrich Petroleum Company LLC | 8/15/2007 | | | 2115282 | Caddo | LA |
| LA100012.002 | Susie Hicks Johnson | Delta Lands Exploration Inc | 7/23/2004 | | | 1938259 | Caddo | LA |
| LA100015.000 | Susie Hicks Johnson | Goodrich Petroleum Company LLC | 7/22/2005 | | | 1989573 | Caddo | LA |
| LA100049.030 | Suzette Bienvenu | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2125730 | Caddo | LA |
| LA100203.042 | Syble Joyce Small Bradshaw | Chesapeake Operating | 10/21/2009 | | | 2260622 | Caddo | LA |
| LA100007.002 | Sylvia G Garvin Trust et al | Delta Lands Exploration Inc | 4/14/2004 | | | 1917259 & 1917260 | Caddo | LA |
| LA100312.001 | T K Harlan, et al | Ovation Energy II LP | 2/3/1955 | 745 | 787 | | Caddo | LA |
| LA100062.006 | Talbert Lewis Wilson | Goodrich Petroleum Company LLC | 5/23/2008 | | | 2159682 | Caddo | LA |
| LA100175.004 | Thatford Leemon Brown Jr | Chesapeake Operating | 4/8/2009 | | | 2224223 | Caddo | LA |
| LA100113.000 | The Tucker Five Llc | Goodrich Petroleum Company LLC | 4/19/2007 | | | 2109088 | Caddo | LA |
| LA100052.000 | The Woolworth Foundation | Goodrich Petroleum Company LLC | 7/19/2007 | | | 2111403 | Caddo | LA |
| LA100055.001 | The Woolworth Foundation | Goodrich Petroleum Company LLC | 7/19/2007 | | | 2111405 | Caddo | LA |
| LA100203.005 | Thelma Britton Johnson | Chesapeake Operating | 10/21/2009 | | | 2260620 | Caddo | LA |
| LA100179.013 | Thelma Hines Melton | Chesapeake Operating | 5/20/2009 | | | 2239435 | Caddo | LA |
| LA100035.006 | Thomas Watts Andress Jr | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2094673 | Caddo | LA |
| LA100130.039 | Timothy W Booker | Chesapeake Operating | 10/19/2009 | | MEMO | 2255806 | Caddo | LA |
| LA100203.003 | Timothy W Small | Chesapeake Operating | 10/21/2009 | | | 2258063 | Caddo | LA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100098.000 | Tommie J Cordova | Goodrich Petroleum Company LLC | 7/6/2007 | | | 2108535 | Caddo | LA |
| LA100203.017 | Tony Britton | Chesapeake Operating | 10/21/2009 | | | 2260618 | Caddo | LA |
| LA100031.001 | Tyler E Adams Jr et al | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2093922 | Caddo | LA |
| LA100211.001 | Vearline Britton Rougely | Chesapeake Operating | 10/20/2009 | | | 2259893 | Caddo | LA |
| LA100203.029 | Vency Ann Small Hayes | Chesapeake Louisiana, LP | 10/21/2009 | | | 2260624 | Caddo | LA |
| LA100130.013 | Vera Mae Thomas Johnson | Goodrich Petroleum Company LLC | 1/3/2008 | | | 2135855 | Caddo | LA |
| LA100174.006 | Vernon Eric Lee | Chesapeake Operating | 10/13/2008 | | | 2197798 | Caddo | LA |
| LA100018.008 | Vernon Stephens | Goodrich Petroleum Company LLC | 7/22/2006 | | | 2050872 | Caddo | LA |
| LA100324.001 | Virginia Lambeth, et al | Ace Oil Company | 1/18/1954 | | | | Caddo | LA |
| LA100335.001 | Virginia Lambeth, et al | Ace Oil Company | 1/18/1954 | 716 | 311 | | Caddo | LA |
| LA100049.024 | Virginia Loretta Lee | Goodrich Petroleum Company LLC | 9/7/2007 | | | 2123093 | Caddo | LA |
| LA100215.003 | Virginia Pace Lyle | Chesapeake Operating | 3/31/2010 | | | 2281904 | Caddo | LA |
| LA100203.018 | Vonzy Ree Small King | Chesapeake Operating | 10/21/2009 | | | 2260625 | Caddo | LA |
| LA100035.007 | Walter Gaillard Andress | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2094671 | Caddo | LA |
| LA100197.000 | Wanda  D. Jordan, et vir | Chesapeake Operating | 1/15/2010 | | | 2269153 | Caddo | LA |
| LA100212.002 | Warren William Knabb | Chesapeake Operating | 6/23/2010 | | | 2301270 | Caddo | LA |
| LA100078.001 | Westley Wrenn Williams, et ux | Goodrich Petroleum Company LLC | 8/30/2007 | | | 2117671 | Caddo | LA |
| LA100077.001 | Wilfred Michael Smith, et ux | Goodrich Petroleum Company LLC | 9/5/2007 | | | 2118903 | Caddo | LA |
| LA100160.000 | William A Brown | Jones -O'Brien Inc | 8/24/1956 | 788 | 697 | 137562 | Caddo | LA |
| LA100308.001 | William B Talbert | Bryan M Lloyd | 1/1/1954 | 713 | 191 | | Caddo | LA |
| LA100310.001 | William B Talbert, et al | Bryan M Lloyd | 2/6/1954 | 722 | 791 | | Caddo | LA |
| LA100124.000 | William B. Peace, et al | Goodrich Petroleum Company LLC | 5/10/2007 | | | 2095275 | Caddo | LA |
| LA100177.012 | William Breedlove | Chesapeake Operating | 5/20/2009 | | | 2228648 | Caddo | LA |
| LA100082.000 | William Clay Malone, et ux | Goodrich Petroleum Company LLC | 7/20/2007 | | | 2113821 | Caddo | LA |
| LA100203.020 | William E Small | Chesapeake Operating | 10/21/2009 | | | 2259287 | Caddo | LA |
| LA100125.000 | William Frank Dittman Et Ux | Goodrich Petroleum Company LLC | 10/29/2007 | | | 2127277 | Caddo | LA |
| LA100035.019 | William Mcginty Mcbride Jr | Goodrich Petroleum Company LLC | 4/12/2006 | | | 2030552 | Caddo | LA |
| LA100035.038 | William Mcginty Mcbride Jr | Goodrich Petroleum Company LLC | 6/18/2007 | | | 2104782 | Caddo | LA |
| LA100023.000 | William New Hunsicker et al | Goodrich Petroleum Company LLC | 9/19/2006 | | | 2057875 | Caddo | LA |
| LA100019.001 | William Newton Hunsicker | Goodrich Petroleum Company LLC | 6/9/2006 | | | 2044205 | Caddo | LA |
| LA100020.000 | William Newton Hunsicker | Goodrich Petroleum Company LLC | 9/19/2006 | | | 2057878 | Caddo | LA |
| LA100022.002 | William Newton Hunsicker | Goodrich Petroleum Company LLC | 9/19/2006 | | | 2057874 | Caddo | LA |
| LA100131.000 | William Newton Hunsicker | Goodrich Petroleum Company LLC | 9/11/2007 | | | 2134979 | Caddo | LA |

34

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LA100063.000 | William Russell King, et ux | Goodrich Petroleum Company LLC | 6/28/2007 | | | 2107374 | Caddo | LA |
| | Willie James Varner | Goodrich Petroleum Company LLC | 6/6/2007 | Amended OGML | | 2064431 | Caddo | LA |
| LA100028.005 | Willie James Varner | Goodrich Petroleum Company LLC | 6/29/2006 | | | 2099220 | Caddo | LA |
| LA100130.007 | Willie Mae Thomas Hall | Goodrich Petroleum Company LLC | 1/15/2008 | | | 2140655 | Caddo | LA |
| LA100035.025 | Wilson Andress Florey Ii | Goodrich Petroleum Company LLC | 4/27/2007 | | | 2099218 | Caddo | LA |
| LA100203.047 | Yolanda Jean Houston | Chesapeake Operating | 10/21/2009 | | | 2266887 | Caddo | LA |
| LA100203.001 | Yolanda Small | Chesapeake Operating | 10/21/2009 | | | 2258752 | Caddo | LA |
| LA100061.001 | Yvonne Rayson Pruitt, et al | Goodrich Petroleum Company LLC | 9/14/2007 | | | 2120675 | Caddo | LA |
| LA100018.021 | Zona Robinson | Goodrich Petroleum Company LLC | 7/21/2006 | | | 2052211 | Caddo | LA |
| LA100208.002 | Albert Earl Williams | Chesapeake Operating | 12/17/2009 | 1067 | 148 | 676230 | De Soto | LA |
| LA100156.003 | Andrew Harris | Z T Gallion | 9/27/1954 | 220 | 89 | 250898 | De Soto | LA |
| LA100005.000 | Andrew V Loftus III et ux | Delta Lands Exploration Inc | 8/8/2003 | | | 603138 | De Soto | LA |
| LA100231.002 | Antonio B Abram, et ux | Chesapeake Louisiana, LP | 5/21/2009 | 1005 | 15 | 663321 | De Soto | LA |
| LA100235.003 | Arthur G Birdwell | Southern Production Company Inc | 8/25/1952 | 198 | 335 | 229404 | De Soto | LA |
| LA100221.001 | Aury Varner | Margaret Hasslocher | 5/12/1954 | 203 | 447 | 236309 | De Soto | LA |
| LA100226.008 | B F Deloache | Frank W Scheller | 3/2/1951 | 191 | 175 | 215878 | De Soto | LA |
| LA100156.004 | Ben Harris | Z T Gallion | 8/18/1954 | 201 | 541 | 237560 | De Soto | LA |
| LA100251.001 | Billy J McFadden | T L James & Company, Inc | 10/13/1982 | 506 | 365 | | De Soto | LA |
| LA100006.004 | Billy Neil Anderson | Goodrich Petroleum Company LLC | 8/11/2007 | 919 | 489 | 640718 | De Soto | LA |
| LA100134.004 | Callie Cox Hanson Scarber | Joe T Cawthorn | 9/29/1954 | 204 | 461 | | De Soto | LA |
| LA100154.002 | Champe Carter Graham | Z T Gallion | 8/13/1954 | 202 | 219 | 237602 | De Soto | LA |
| LA100224.002 | Charles C Hunter | H R Scivally et ux | 9/2/1954 | 204 | 215 | 237779 | De Soto | LA |
| LA100176.004 | Charles L Tennyson | Chesapeake Operating | 4/20/2009 | 1000 | 296 | 662143 | De Soto | LA |
| LA100004.001 | Charles W Taylor et ux | Delta Lands Exploration Inc | 7/16/2003 | | | 603137 | De Soto | LA |
| LA100246.002 | Charlie Samuels | Midstates Oil Corporation | 12/4/1952 | 198 | 155 | 227587 | De Soto | LA |
| LA100006.009 | Cindy Ann Treme | Chesapeake Operating | 4/26/2010 | 1094 | 107 | 382118 | De Soto | LA |
| LA100218.002 | Cindy Ann Treme | Chesapeake Operating | 4/26/2010 | 1094 | 117 | 682120 | De Soto | LA |
| LA100187.000 | Clayton T Rushing | Southern Production Company Inc | 9/3/1952 | 194 | 585 | 226639 | De Soto | LA |
| LA100246.001 | Cleophus Ray Samuels | Midstates Oil Corporation | 12/4/1952 | 198 | 152 | 227587 | De Soto | LA |
| LA100256.005 | Clifford Ray WAest, Sr | TXO Production Corp | 3/4/1982 | 503 | 477 | | De Soto | LA |
| LA100250.001 | Clifton J Gibbs, et ux | T L James & Company, Inc | 4/4/1981 | 477 | 930 | | De Soto | LA |
| LA100183.000 | Danny Grant | Chesapeake Operating | 9/14/2009 | 1035 | 285 | 669696 | De Soto | LA |
| LA100219.003 | Debbie Clegg | Chesapeake Operating | 3/8/2010 | 1079 | 347 | 678864 | De Soto | LA |

35

| LA100176.003 | Deborah M Edwards | Chesapeake Operating | 4/20/2009 | 1000 | 300 | 662144 | De Soto | LA |
| LA100156.005 | Dink Harris | M R Gallion | 1/1/1958 | 233 | 545 | 265241 | De Soto | LA |
| LA100256.002 | Dorothy S Geralds | Ross & Glenn Petroleum Inc | 11/5/1979 | 431 | 680 | | De Soto | LA |
| LA100165.000 | E E Bagley | Union Producing Company | 6/17/1951 | 190 | 124 | 217069 | De Soto | LA |
| LA100176.005 | Edwin R Matthews | Chesapeake Operating | 4/20/2009 | 1000 | 794 | 662294 | De Soto | LA |
| LA100006.008 | Elizabeth Dawn Gehron | Chesapeake Operating | 4/26/2010 | 1094 | 338 | 682167 | De Soto | LA |
| LA100218.001 | Elizabeth Dawn Gehron | Chesapeake Operating | 4/26/2010 | 1094 | 112 | 682119 | De Soto | LA |
| LA100176.002 | Elizabeth M Nash | Chesapeake Operating | 4/20/2009 | 1001 | 624 | | De Soto | LA |
| LA100154.004 | Elizabeth Warner | Z T Gallion | 10/11/1954 | 202 | 535 | 239957 | De Soto | LA |
| LA100236.003 | Eulie Hollingsworth French | Southern Production Company Inc | 1/28/1953 | 198 | 261 | 228745 | De Soto | LA |
| LA100256.001 | Evol Sandefer Douglas | Ross & Glenn Petroleum Inc | 11/5/1979 | 432 | 1 | | De Soto | LA |
| LA100155.001 | F W Williams | Jones -O'Brien Inc | 6/7/1954 | 203 | 473 | 236394 | De Soto | LA |
| LA100255.001 | Florence I Wetherbee | IMC Exploration Co | 1/3/1978 | 408 | 499 | | De Soto | LA |
| LA100253.001 | Foster W Gibbs, et ux | T L James & Company, Inc | 7/3/1981 | 477 | 978 | | De Soto | LA |
| LA100236.004 | Francis S. Ratcliff | Southern Production Company Inc | 1/28/1952 | 198 | 331 | 229402 | De Soto | LA |
| LA100237.001 | Fred Hudson | Gilbert S. Johnson | 7/25/1953 | 200 | 227 | 232024 | De Soto | LA |
| LA100219.001 | Glenn E Faircloth | Chesapeake Operating | 3/9/2010 | 1084 | 734 | 680080 | De Soto | LA |
| LA100253.002 | Gurthia G Mills, et al | T L James & Company, Inc | 10/18/1982 | 506 | 338 | | De Soto | LA |
| LA100164.000 | H H Timmons | Placid Oil Company | 3/12/1954 | 203 | 3 | 234913 | De Soto | LA |
| LA100226.006 | H Latkin | Smackover Producing Co | 1/8/1955 | 209 | 71 | 240776 | De Soto | LA |
| LA100226.002 | H O Davis Et Al | Smackover Producing Co | 8/2/1954 | 204 | 89 | 237552 | De Soto | LA |
| LA100156.006 | Heareace Harris | Z T Gallion | 9/10/1954 | 206 | 212 | 239356 | De Soto | LA |
| LA100208.003 | Hines Fulton Williams Jr | Chesapeake Operating | 12/1/2009 | 1056 | 244 | 674104 | De Soto | LA |
| LA100167.001 | Hortense Bagley Murrell | Union Producing Company | 6/7/1951 | 190 | 129 | 217070 | De Soto | LA |
| LA100226.003 | Ike Beyer And Gordon S Rather | Smackover Producing Co | 8/2/1954 | 204 | 91 | 237553 | De Soto | LA |
| LA100134.002 | Ilyene Hanson Spann | Goodrich Petroleum Company LLC | 2/22/2008 | 940 | 129 | 2143473 | De Soto | LA |
| LA100188.004 | J D Mitchell, et al | Southern Production Company Inc | 9/11/1952 | 194 | 629 | 226820 | De Soto | LA |
| LA100224.001 | J T Scurlock | H R Scivally et ux | 9/1/1954 | 204 | 365 | 238157 | De Soto | LA |
| LA100256.003 | James D Johnston, et ux | Ross & Glenn Petroleum Inc | 11/5/1979 | 432 | 434 | | De Soto | LA |
| LA100176.007 | James D Tennyson | Chesapeake Operating | 4/20/2009 | 1000 | 292 | 662142 | De Soto | LA |
| LA100248.001 | James E Stewart | T L James & Company, Inc | 1/14/1983 | 507 | 98 | | De Soto | LA |
| LA100156.007 | James Harris Aka James H Horto | M R Gallion | 1/1/1958 | 233 | 547 | 265242 | De Soto | LA |
| LA100176.006 | James M Tennyson | Chesapeake Operating | 4/20/2009 | 1000 | 394 | 662175 | De Soto | LA |

36

| LA100208.001 | Janice West | Chesapeake Louisiana, LP | 1/18/2010 | 1066 | 242 | 676118 | De Soto | LA |
|---|---|---|---|---|---|---|---|---|
| LA100201.000 | Jean Estelle Harris Wilson | Chesapeake Operating | 11/17/2009 | 1051 | 795 | 673184 | De Soto | LA |
| LA100245.001 | Jeff Booten, et ux | G R Guice | 6/29/1945 | 158 | 109 | 169366 | De Soto | LA |
| LA100014.000 | Jerry L Holmes et ux | Delta Lands Exploration Inc | 12/29/2003 | | | 605844 | De Soto | LA |
| LA100002.001 | Jerry Walton Drummond et al | Delta Lands Exploration Inc | 8/28/2003 | | | 604362 | De Soto | LA |
| LA100006.007 | Jimmy Holmes Jr | Chesapeake Operating | 3/16/2010 | 1079 | 352 | 678865 | De Soto | LA |
| LA100006.010 | Jimmy Holmes Jr | Chesapeake Operating | 3/16/2010 | 1078 | 528 | 678708 | De Soto | LA |
| LA100188.002 | Jo Beth Hall Badgley | Joe H Tucker Jr | 6/24/1955 | 213 | 271 | 244602 | De Soto | LA |
| LA100188.003 | Jodie Rushing Holland | Jones Obrien Incorporated | 8/2/1955 | 213 | 593 | 245510 | De Soto | LA |
| LA100188.001 | Jodie Rushing Holland | Southern Production Company Inc | 9/16/1952 | 198 | 138 | 227544 | De Soto | LA |
| LA100230.001 | John Ernest Fisher Jr | Chesapeake Louisiana, LP | 2/20/2009 | 794 | 991 | 660163 | De Soto | LA |
| LA100167.000 | John F Hunt | Mid Continent Petroleum | 3/15/1946 | 161 | 619 | | De Soto | LA |
| LA100155.002 | John H Harris | Jones -O'Brien Inc | 5/19/1954 | 203 | 471 | 236393 | De Soto | LA |
| LA100156.008 | John Harris | H H Alvord III | 7/30/1954 | 203 | 543 | 237158 | De Soto | LA |
| LA100156.001 | John L Harris | Z T Gallion | 9/10/1954 | 206 | 48 | 238416 | De Soto | LA |
| LA100188.005 | John Wesley Hall | Jones Obrien Incorporated | 3/1/1965 | 265 | 111 | 373237 | De Soto | LA |
| LA100235.001 | John Y. Morgan | Southern Production Company Inc | 8/29/1952 | 194 | 583 | 226584 | De Soto | LA |
| LA100225.000 | Joyce Lagrone | Ralph R Gilster | 8/2/1954 | 203 | 549 | 237179 | De Soto | LA |
| LA100226.007 | Keatchie Investment Corporation | Ralph R Gilster | 8/2/1954 | 203 | 557 | 237197 | De Soto | LA |
| LA100234.001 | Keatchie Investment Corporation | Southern Production Company Inc | 9/2/1952 | 683 | 63 | 36567 | Caddo | LA |
| LA100134.001 | Kenneth C. Hanson | Goodrich Petroleum Company LLC | 2/21/2008 | | | 2142380 | De Soto | LA |
| LA100006.002 | Larry Bartee Warren | Goodrich Petroleum Company LLC | 7/19/2007 | 918 | 588 | 640423 | De Soto | LA |
| LA100219.004 | Larry Faircloth | Chesapeake Operating | 4/1/2010 | 1087 | 371 | 680690 | De Soto | LA |
| LA100006.003 | Leon Williams Bagley, et ux | Goodrich Petroleum Company LLC | 7/31/2007 | 918 | 581 | 640422 | De Soto | LA |
| LA100170.000 | Leona Bagley Flores | Union Producing Company | 6/7/1951 | 192 | 1 | 217093 | De Soto | LA |
| LA100150.000 | Lerla Mae Bagley Wilbanks | Union Producing Company | 6/7/1951 | 190 | 141 | 217073 | De Soto | LA |
| LA100249.001 | Lester A Gibbs | T L James & Company, Inc | 11/2/1981 | 506 | 333 | | De Soto | LA |
| LA100226.005 | Lucille N Crowe Ind And Tutrix | Smackover Producing Co | 11/26/1954 | 207 | 485 | 239924 | De Soto | LA |
| LA100256.006 | Manville Forest Products Corporation | Florida Exploration Company | 8/2/1983 | 520 | 465 | | De Soto | LA |
| LA100006.005 | Marceal Nevels Clark | Chesapeake Operating | 4/7/2010 | 1094 | 101 | 682117 | De Soto | LA |
| LA100219.000 | Margaret Graham Et Al | Southern Production Company Inc | 9/3/1952 | | | 36802 | De Soto | LA |
| LA100157.000 | Margaret Neill Graham | Southern Production Company Inc | 9/3/1952 | | | 226645 | De Soto | LA |
| LA100154.001 | Margaret Neill Graham | Z T Gallion | 8/12/1954 | 202 | 215 | 237600 | De Soto | LA |

| LA100176.008 | Margie Limited Partnership | Chesapeake Operating | 6/22/2009 | 1012 | 528 | 665121 | De Soto | LA |
|---|---|---|---|---|---|---|---|---|
| LA100208.004 | Marion Eldridge Williams Jr | Chesapeake Operating | 12/14/2009 | 1067 | 153 | 676231 | De Soto | LA |
| LA100231.001 | Mary Eva Bagley, et al | Chesapeake Louisiana, LP | 2/20/2009 | 797 | 991 | 660164 | De Soto | LA |
| LA100176.009 | Mary Wortley Flagg Scheller | Chesapeake Operating | 1/4/2010 | 1106 | 294 | 684669 | De Soto | LA |
| LA100232.002 | Michael Fielding Fisher | Chesapeake Louisiana, LP | 2/20/2009 | 800 | 991 | 660165 | De Soto | LA |
| LA100003.000 | Michael Shane Taylor et ux | Delta Lands Exploration Inc | 7/16/2003 | | | 603136 | De Soto | LA |
| LA100134.003 | Milton L Hanson | Goodrich Petroleum Company LLC | 2/22/2008 | 940 | 124 | 646988 | De Soto | LA |
| LA100163.001 | Nancy Havens By Mary Havens | M R Gallion | 4/22/1954 | | | 235948 | De Soto | LA |
| LA100147.002 | Norman D Stewart | Southern Production Company Inc | 8/26/1952 | 674 | 837 | 36190 | De Soto | LA |
| LA100220.002 | Olean Varner | Margaret Hasslocher | 9/17/1954 | | | 238103 | De Soto | LA |
| LA100162.002 | Oscar J Beard | Margaret Hasslocher | 5/27/1954 | 203 | 469 | 236341 | De Soto | LA |
| LA100221.002 | Pattie C Thigpen | Margaret Hasslocher | 5/27/1954 | 203 | 445 | 236308 | De Soto | LA |
| LA100190.000 | Pattie C Thigpen | R J Obrien | 1/7/1955 | 213 | 393 | 244914 | De Soto | LA |
| LA100188.006 | Pattie Colvin Thigpen Et Al | Southern Production Company Inc | 9/5/1952 | 683 | 67 | 36568 | De Soto | LA |
| LA100226.004 | Pauline G Henry Et Vir E C Hen | James Kemp | 8/6/1954 | 202 | 186 | 237555 | De Soto | LA |
| LA100158.001 | Ralph L Holmes | Bryan M Lloyd | 1/2/1954 | 199 | 355 | 233850 | De Soto | LA |
| LA100011.001 | Richard H Evans Et Ux | Delta Lands Exploration Inc | 5/19/2004 | 950 | 806 | 650028 | De Soto | LA |
| LA100257.001 | Richard M Sandefer | T L James & Company, Inc | 10/25/1982 | | | 453751 | De Soto | LA |
| LA100004.002 | Rosemary J Gragg et al | Delta Lands Exploration Inc | 9/22/2003 | | | 604776 | De Soto | LA |
| LA100162.001 | Roy H Belcher And Wife Mamie | Roy Belcher H/o Mamie Ermine Scott | 5/17/1954 | 203 | 455 | 236313 | De Soto | LA |
| LA100152.000 | S E Johnson | John Franks | 8/26/1957 | 229 | 535 | 260697 | De Soto | LA |
| LA100153.000 | S E Johnson | Walter Barnett | 3/22/1946 | 161 | 641 | 175241 | De Soto | LA |
| LA100224.003 | S F Talbert | T F Robertson | 4/24/1947 | 169 | 445 | 184113 | De Soto | LA |
| LA100228.000 | Shiloh Cattle And Land | Chesapeake Operating | 3/16/2010 | 1079 | 340 | 678863 | De Soto | LA |
| LA100166.000 | Shiloh Methodist Episcopal Church | Fred Whitaker | 9/26/1955 | 214 | 209 | 246354 | De Soto | LA |
| LA100154.003 | Sylvia G Garvin | Z T Gallion | 8/13/1954 | 202 | 217 | 237601 | De Soto | LA |
| LA100006.001 | Thomas Grady Anderson Jr | Goodrich Petroleum Company LLC | 8/11/2007 | 918 | 569 | 640420 | De Soto | LA |
| LA100176.001 | Timothy A Tennyson | Chesapeake Operating | 4/20/2009 | 1000 | 304 | 662145 | De Soto | LA |
| LA100006.006 | Travis Lloyd Nevels | Chesapeake Operating | 5/11/2010 | 1095 | 105 | 682329 | De Soto | LA |
| LA100256.004 | Virgil L Dixon, et ux | C Mouton Futch | 2/23/1983 | | | 453176 | De Soto | LA |
| LA100189.000 | Virginia Armour Burford | C T Ruffin | 4/6/1955 | 210 | 241 | 242139 | De Soto | LA |
| LA100156.002 | Virginia H Mason | Z T Gallion | 8/27/1954 | 206 | 46 | 238415 | De Soto | LA |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LA100252.001 | Vivian Beatrice Yarbrough Hutchins, et al | IMC Exploration Co | 2/20/1978 | 411 | 9 | | De Soto | LA |
| LA100158.002 | W G Faries Aka William Faries | R A Whittington | 2/6/1954 | 199 | 451 | 234722 | De Soto | LA |
| LA100223.001 | W H Bagley Etux Maurine L | Jack W Grigsby | 3/20/1954 | | | 235119 | De Soto | LA |
| LA100226.001 | W H Wilson Et Ux Alice | Mid-Century Oil & Gas Co | 10/22/1954 | 207 | 345 | 239369 | De Soto | LA |
| LA100254.001 | W Hewey Bagley | T L James & Company, Inc | 4/1/1980 | 434 | 526 | | De Soto | LA |
| LA100191.000 | Will Clark, et ux | Harvey Broyles | 4/5/1955 | 210 | 145 | | De Soto | LA |
| LA100219.002 | William G Faircloth | Chesapeake Operating | 3/15/2010 | 1083 | 783 | 679878 | De Soto | LA |
| LA100220.001 | Willie L Jones | Ralph R Gilster | 9/15/1954 | 204 | 363 | 238156 | De Soto | LA |
| | Gayle B. McFarland and Cynthia D. McFarland | SND Operating, LLC | 1/1/2013 | Unrecorded SWD Lease | | | Caddo | LA |
| | Gayle B. McFarland and Cynthia D. McFarland | SND Operating, LLC | 1/1/2016 | Unrecorded SWD 1st Amend | | | Caddo | LA |
| | Gayle B. McFarland and Cynthia D. McFarland | SND Operating, LLC | 1/1/2019 | Unrecorded SWD 2nd Amend | | | Caddo | LA |

**END OF EXHIBIT A-1**

**Exhibit A-2 – Wells**

**Attached to and made part of that certain Purchase and Sale Agreement by and between
Weatherly Oil & Gas, LLC, as Seller, and DEA Bethany, L.L.C., as Buyer**

| PROPERTY NO. | PROPERTY NAME | API NO. | LA SERIAL NO. | PARISH | STATE | WI | NRI |
|---|---|---|---|---|---|---|---|
| 236078 | BASS ROBERT P 1 | 17-017-34292 | 236078 | CADDO | LA | 1.00000000 | 0.73985784 |
| 236234 | BASS ROBERT P 1-D | 17-017-34292 | 236234 | CADDO | LA | 1.00000000 | 0.73985784 |
| 237747 | BRANCH DOROTHY 1 | 17-017-34520 | 237747 | CADDO | LA | 1.00000000 | 0.75000000 |
| 237255 | BROWN CLARENCE 1-ALT | 17-017-34448 | 237255 | CADDO | LA | 1.00000000 | 0.80000000 |
| 237156 | COOK JAMES 1-ALT | 17-017-34443 | 237156 | CADDO | LA | 1.00000000 | 0.68257625 |
| 231974 | R. EVANS 16-1 | 17-017-33827 | 231974 | CADDO | LA | 1.00000000 | 0.70573319 |
| 232280 | R. EVANS R 16-1-D | 17-017-33827 | 232280 | CADDO | LA | 1.00000000 | 0.69206318 |
| 234637 | R. EVANS R 16-2-ALT | 17-017-34157 | 234637 | CADDO | LA | 1.00000000 | 0.70573319 |
| 235184 | R. EVANS R 16-2-D-ALT | 17-017-34157 | 235184 | CADDO | LA | 1.00000000 | 0.68142301 |
| 237060 | GRAHAM C 4-ALT | 17-017-34436 | 237060 | CADDO | LA | 1.00000000 | 0.65872706 |
| 234090 | GRAHAM CHAMPE 1 | 17-017-34096 | 234090 | CADDO | LA | 1.00000000 | 0.68257625 |
| 234402 | GRAHAM CHAMPE 1-D | 17-017-34096 | 234402 | CADDO | LA | 1.00000000 | 0.68257625 |
| 234757 | GRAHAM CHAMPE 2-ALT | 17-017-34162 | 234757 | CADDO | LA | 1.00000000 | 0.68257625 |
| 234860 | GRAHAM CHAMPE 3-ALT | 17-017-34173 | 234860 | CADDO | LA | 1.00000000 | 0.67566251 |
| 235198 | GRAHAM CHAMPE 4-ALT | 17-017-34203 | 235198 | CADDO | LA | 1.00000000 | 0.68257625 |
| 235465 | GRAHAM CHAMPE 4-D-ALT | 17-017-34203 | 235465 | CADDO | LA | 1.00000000 | 0.68257625 |
| 236976 | GRAHAM CHAMPE 5-ALT | 17-017-34258 | 236976 | CADDO | LA | 1.00000000 | 0.68257625 |
| 238207 | GRAHAM CHAMPE 6-ALT | 17-017-34586 | 238207 | CADDO | LA | 1.00000000 | 0.68257625 |
| 228785 | HUNSICKER 12-1 | 17-017-33527 | 228785 | CADDO | LA | 1.00000000 | 0.72565994 |
| 237393 | HUNSICKER D 1-D-ALT | 17-017-34465 | 237393 | CADDO | LA | 1.00000000 | 0.76505747 |
| 237392 | HUNSICKER D 1-ALT | 17-017-34465 | 237392 | CADDO | LA | 1.00000000 | 0.76505747 |
| 235908 | HUNSICKER HENRY 1-ALT | 17-017-34277 | 235908 | CADDO | LA | 1.00000000 | 0.68257625 |
| 235909 | HUNSICKER HENRY 1-D-ALT | 17-017-34277 | 235909 | CADDO | LA | 1.00000000 | 0.68257625 |
| 235805 | HUNSICKER NEWTON 1 | 17-017-34264 | 235805 | CADDO | LA | 1.00000000 | 0.65633235 |
| 235806 | HUNSICKER NEWTON 1-D | 17-017-34264 | 235806 | CADDO | LA | 1.00000000 | 0.65633235 |
| 237999 | HUNSICKER NEWTON 2-ALT | 17-017-34569 | 237999 | CADDO | LA | 1.00000000 | 0.65633235 |

| 228679 | JOHNSON TALBERT 16-1 | 17-017-33523 | 228679 | CADDO | LA | 1.00000000 | 0.68142301 |
|--------|----------------------|--------------|--------|-------|-----|------------|------------|
| 233459 | JOHNSON WF 1 | 17-017-34017 | 233459 | CADDO | LA | 1.00000000 | 0.69468241 |
| 233866 | JOHNSON WF 1-D-ALT | 17-017-34017 | 233866 | CADDO | LA | 1.00000000 | 0.65872706 |
| 235270 | JOHNSON WF 2-ALT | 17-017-34219 | 235270 | CADDO | LA | 1.00000000 | 0.69468241 |
| 235466 | JOHNSON WF 2-D-ALT | 17-017-34219 | 235466 | CADDO | LA | 1.00000000 | 0.65872706 |
| 234893 | LAMBETH 1 | 17-017-34182 | 234893 | CADDO | LA | 1.00000000 | 0.68809362 |
| 234992 | LAMBETH 1-D | 17-017-34182 | 234992 | CADDO | LA | 1.00000000 | 0.69382049 |
| 237877 | MCFARLAND GB 1 SWD | 17-017-34535 | 237877 | CADDO | LA | 1.00000000 | 0.67000000 |
| 237839 | ROBINSON BROS FARMS 1-ALT | 17-017-34532 | 237839 | CADDO | LA | 1.00000000 | 0.70573319 |
| 237840 | ROBINSON BROS FARMS 1-D | 17-017-34532 | 237840 | CADDO | LA | 1.00000000 | 0.69966185 |
| 236198 | TALBERT EDGAR S 1-ALT | 17-017-34310 | 236198 | CADDO | LA | 0.94762350 | 0.66564576 |
| 236330 | TALBERT EDGAR S 1-D | 17-017-34310 | 236330 | CADDO | LA | 1.00000000 | 0.61516459 |
| 236800 | TALBERT EDGAR S 2-ALT | 17-017-34401 | 236800 | CADDO | LA | 1.00000000 | 0.69468241 |
| 236885 | TALBERT EDGAR S 2-D-ALT | 17-017-34401 | 236885 | CADDO | LA | 1.00000000 | 0.68142301 |
| 237520 | TALBERT EDGAR S 3-ALT | 17-017-34487 | 237520 | CADDO | LA | 0.94762350 | 0.66564576 |
| 237521 | TALBERT EDGAR S 3-D-ALT | 17-017-34487 | 237521 | CADDO | LA | 1.00000000 | 0.61516459 |
| 237599 | TAYLOR 4-D-ALT | 17-031-24378 | 237599 | CADDO | LA | 1.00000000 | 0.60749687 |
| 234831 | THOMAS 1-ALT | 17-017-34172 | 234831 | CADDO | LA | 1.00000000 | 0.69468241 |
| 235006 | THOMAS 1-D | 17-017-34172 | 235006 | CADDO | LA | 0.94416670 | 0.64963151 |
| 235092 | THOMAS 2 | 17-017-34192 | 235092 | CADDO | LA | 0.94762350 | 0.66564576 |
| 235467 | THOMAS 2-D-ALT | 17-017-34192 | 235467 | CADDO | LA | 0.94416670 | 0.64963151 |
| 236846 | THOMAS 3-ALT | 17-017-34404 | 236846 | CADDO | LA | 0.94762350 | 0.66564576 |
| 236953 | THOMAS 3-D-ALT | 17-017-34404 | 236953 | CADDO | LA | 0.94416670 | 0.64963151 |
| 237257 | THOMAS 4-ALT | 17-017-34449 | 237257 | CADDO | LA | 0.94762350 | 0.66564576 |
| 237292 | THOMAS 4-D-ALT | 17-017-34449 | 237292 | CADDO | LA | 0.94416670 | 0.64963151 |
| 252611 | JOHNS #1A | 17-017-02591 | 252611 | CADDO | LA | | |
| 234311 | BAGLEY JASON 1-ALT | 17-031-24037 | 234311 | DE SOTO | LA | 1.00000000 | 0.69736003 |
| 234765 | BAGLEY JASON 1-D-ALT | 17-031-24037 | 234765 | DE SOTO | LA | 1.00000000 | 0.69578183 |
| 236671 | BISHOP DENNIS 1-ALT | 17-031-24286 | 236671 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 236955 | BISHOP DENNIS 2-ALT | 17-031-24315 | 236955 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 237458 | BISHOP DENNIS 2-D-ALT | 17-031-24315 | 237458 | DE SOTO | LA | 1.00000000 | 0.67566251 |

| 237664 | BISHOP DENNIS 3-ALT | 17-031-24385 | 237664 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 234509 | R. EVANS R 21-1-ALT | 17-031-24059 | 234509 | DE SOTO | LA | 1.00000000 | 0.70500001 |
| 235027 | R. EVANS R 21-1-D | 17-031-24059 | 235027 | DE SOTO | LA | 1.00000000 | 0.60749687 |
| 233895 | GRAHAM C 1-ALT | 17-031-24004 | 233895 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 238220 | GRAHAM C 2-ALT | 17-031-24169 | 238220 | DE SOTO | LA | 1.00000000 | 0.68768432 |
| 238221 | GRAHAM C 2-D-ALT | 17-031-24169 | 238221 | DE SOTO | LA | 1.00000000 | 0.65872706 |
| 236246 | GRAHAM C 3-ALT | 17-031-24248 | 236246 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 229743 | HOLMES J 1 | 17-031-23689 | 229743 | DE SOTO | LA | 1.00000000 | 0.70500001 |
| 233637 | HOLMES JERRY 1 | 17-031-23717 | 233637 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 233819 | HOLMES JERRY 1-D | 17-031-23717 | 233819 | DE SOTO | LA | 1.00000000 | 0.67566251 |
| 236714 | HOLMES JERRY 2-ALT | 17-031-24291 | 236714 | DE SOTO | LA | 1.00000000 | 0.67256752 |
| 235586 | STEWART JE 1 | 17-031-24187 | 235586 | DE SOTO | LA | 1.00000000 | 0.70698898 |
| 236124 | STEWART JE 1-D-ALT | 17-031-24187 | 236124 | DE SOTO | LA | 1.00000000 | 0.67685424 |
| 229356 | TAYLOR 1 | 17-031-23641 | 229356 | DE SOTO | LA | 1.00000000 | 0.68768432 |
| 232657 | TAYLOR 2-ALT | 17-031-23899 | 232657 | DE SOTO | LA | 1.00000000 | 0.68768431 |
| 232947 | TAYLOR 2-D | 17-031-23899 | 232947 | DE SOTO | LA | 1.00000000 | 0.65872706 |
| 235271 | TAYLOR 3- ALT | 17-031-24142 | 235271 | DE SOTO | LA | 1.00000000 | 0.68768432 |
| 235464 | TAYLOR 3-D-ALT | 17-031-24142 | 235464 | DE SOTO | LA | 1.00000000 | 0.67256752 |
| 237598 | TAYLOR 4-ALT | 17-031-24378 | 237598 | DE SOTO | LA | 1.00000000 | 0.68768432 |
| 230465 | TAYLOR M 1 | 17-031-23742 | 230465 | DE SOTO | LA | 1.00000000 | 0.73624383 |
| 238343 | TAYLOR M 1-D-ALT | 17-031-23742 | 238343 | DE SOTO | LA | 1.00000000 | 0.67256752 |

**END OF EXHIBIT A-2**

**Exhibit A-3 – Contracts**

**Attached to and made part of that certain Purchase and Sale Agreement by and between
Weatherly Oil & Gas, LLC, as Seller, and DEA Bethany, L.L.C., as Buyer**

| AGREEMENT TYPE | FIRST PARTY | SECOND PARTY | DATE |
|---|---|---|---|
| FARMOUT AGREEMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 6/10/2003 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 10/25/2005 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 5/25/2006 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 12/14/2006 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 1/16/2007 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 3/7/2008 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 7/7/2008 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 7/25/2008 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 4/30/2010 |
| JOINT OPERATING AGREEMENT | GOODRICH PETROLEUM COMPANY LLC | MALLOY ENERGY COMPANY LLC | 8/19/2003 |
| JOINT OPERATING AGREEMENT | GOODRICH PETROLEUM COMPANY LLC | KWF OIL | 8/19/2003 |
| JOINT OPERATING AGREEMENT | GOODRICH PETROLEUM COMPANY LLC | MALLOY ENERGY COMPANY LLC | 8/19/2003 |
| GAS GATHERING AGREEMENT | STATELINE GATHER SYSTEM, LLC | GOODRICH PETROLEUM COMPANY LLC | 5/1/2009 |
| SALE AND PURCHASE OF NATURAL GAS | TEXLA ENERGY MANAGEMENT, INC | WEATHERLY OIL & GAS, LLC | 9/5/2006 |
| COMPRESSOR AGREEMENTS | J-W POWER COMPANY | WEATHERLY OIL & GAS, LLC | 10/1/2017 |

**END OF EXHIBIT A-3**

**Exhibit B**

**Attached to and made part of that certain Purchase and Sale Agreement by and between Weatherly Oil & Gas, LLC, as Seller, and DEA Bethany, L.L.C., as Buyer**

**FORM OF ASSIGNMENT**

ASSIGNMENT, BILL OF SALE, AND CONVEYANCE

| | | |
|---|---|---|
| STATE OF LOUISIANA | | § |
| | | § |
| PARISHES OF CADDO & DE SOTO | § | |

This ASSIGNMENT, BILL OF SALE, AND CONVEYANCE (this "***Assignment***") is executed to be effective for all purposes as of July 1, 2019, at 12:01 a.m., Central Time (the "***Effective Time***"), and is from Weatherly Oil & Gas, LLC, a Delaware limited liability company ("***Assignor***"), having as its address at 777 Taylor Street, Suite 902, Fort Worth, Texas, 76102, to DEA Bethany, L.L.C., a Louisiana limited liability company ("***Assignee***"), having as its address at [_____].  Assignor and Assignee are each referred to herein as a "***Party***", and Assignor and Assignee, collectively, as the "***Parties***".

## I.
## GRANTING, RESERVATION, AND HABENDUM CLAUSES

1.1    Grant.    For One Hundred Dollars ($100.00) and other good and valuable consideration, the receipt and sufficiency of which Assignor hereby acknowledges, Assignor has transferred and assigned, and does hereby transfer and assign, to Assignee, effective as of the Effective Time, all of Assignor's rights, title and interests in and to the following properties and assets (less and except the Excluded Assets (as defined below), collectively, the "***Assets***"):

(a)    all oil and gas leases and oil, gas and mineral leases, subleases and other leaseholds, royalties, overriding royalties, net profits interests, production payments, carried interests, options and other rights to Hydrocarbons in place, in each case, whether producing or non-producing, as more particularly described in Exhibit A-1 (collectively, the "***Leases***"), together with (A) any and all other rights, titles and interests of Assignor in and to the lands covered or burdened thereby, and (B) all other interests of Assignor of any kind or character in and to the Leases;

(b)    all presently existing unitization, pooling and/or communitization agreements, orders, declarations or designations and statutorily, judicially or administratively created drilling, spacing and/or production units, whether recorded or unrecorded, insofar as the same are attributable or allocated to the Leases, and all of Assignor's interest in and to the properties covered or such units created thereby (collectively, the "***Units***"; and, together with the Leases, the "***Oil and Gas Interests***");

(c)    all wells located upon the Leases or Units or otherwise used in connection with the ownership or operation of the Assets, whether plugged and abandoned, including the wells set forth in Exhibit A-2 (the "***Wells***" and together with the Oil and Gas Interests, the "***Properties***");

44

(d)     all easements, surface leases, permits, licenses, servitudes, rights of way, surface use agreements and all other rights and appurtenances located on or primarily used in connection with the Properties (the "***Surface Rights***");

(e)     all tangible personal, movable and mixed property, equipment, machinery, fixtures and improvements, including all injection wells, salt water disposal facilities, well heads, well equipment, casing, manifolds, tubing, pumps, motors, gauges, valves, heaters, treaters, water lines, vessels, tanks, boilers, separators, treating equipment, compressors, pipelines, flow lines, gathering systems, processing and separation facilities, pads, structures, other equipment, automation systems including meters and related telemetry on wells, power lines, telephone and communication lines and other appurtenances, network equipment and associated peripherals, radio and telephone equipment (including cellular telephones), SCADA, telemetry and other measurement technology, and well communication devices, in each case, to the extent located on or primarily used in connection with the ownership or operation of the other Assets;

(f)     all contracts and agreements to the extent which all or any portion of the Properties or Surface Rights is subject, including the contracts and agreements set forth in <u>Exhibit A-3</u> (the "***Contracts***");

(g)     all Hydrocarbons in, on, under or produced from or allocated to any of the Properties from and after the Effective Time, and all Hydrocarbons for which Assignor receives an adjustment to the Purchase Price under the  Agreement, and in each case, the proceeds thereof;

(h)     all rights, benefits and obligations arising from or in connection with any Imbalances attributable to of the Properties, existing as of or arising after the Effective Time;

(i)     the Records, including, without limitation, all well data and geophysical and other seismic and related technical data and information relating to the Assets; and

(j)     except to the extent related to the Excluded Assets or Specified Obligations, any rights, claims, causes, causes of action, claims for relief, choses in action, rights of recovery, rights of set-off, rights of indemnity, contribution or recoupment, counter-claims, cross-claims and defenses of Assignor relating to the Assets described in items (a)-(i) above.

1.2    <u>Excluded Assets</u>.  There is expressly excluded from this Assignment, and Assignor expressly excepts and reserves to itself, the following assets (the "***Excluded Assets***"): (a) all of Assignor's corporate minute books and corporate financial records that relate to Assignor's business generally; (b) all trade credits, all accounts, receivables, if any, and all other proceeds, income or revenues attributable to the Assets with respect to any period of time prior to the Effective Time; (c) all claims, causes of action, manufacturers' and contractors' warranties and other rights of Assignor arising under or with respect to (i) any Assets that are attributable to periods of time prior to the Effective Time including claims for adjustments or refunds, and (ii) any other Excluded Assets; (d) all Hydrocarbons produced from the Assets with respect to all periods prior to the Effective Time, other than those Hydrocarbons produced from or allocated to the Assets and in storage or existing in stock tanks, pipelines or plants (including inventory) as of the Effective Time for which the Purchase Price under the Agreement was adjusted upward at Closing; (e) all

amounts held by Assignor in suspense that are attributable to sales of Hydrocarbons produced from the Assets, as applicable (including any amounts subject to escheat obligations pursuant to applicable Law); (f) all personal computers, network equipment and associated peripherals; (g) all drilling rigs, and all trucks, cars and vehicles; (h) all master services agreements or similar contracts; (i) all easements, rights-of-way, surface rights, equipment, pipe and inventory (in each case, whether located on or off the lands covered by the Leases or lands pooled or unitized therewith) not currently being used solely in connection with the ownership or operation of the Assets (other than any surface rights granted under any of the Leases); (j) all of Assignor's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property; (k) legal records and legal files of Assignor, including all work product of and attorney-client communications with Assignor's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege or the attorney work-product doctrine, but excluding any title opinions covering the Oil and Gas Interests; (l) all documents and instruments and other data or information that cannot be disclosed to Assignee as a result of confidentiality arrangements under agreements with third parties; (m) all audit rights arising under any of the Contracts or otherwise with respect to (i) any period prior to the Effective Time, with respect to the Assets or (ii) any of the Excluded Assets; (n) all oil and gas fee interests or mineral fee interests of Assignor and its Affiliates; and (o) all claims of Assignor or any of its Affiliates for refunds of, rights to receive funds from any Governmental Authorities, or loss carry forwards or credits with respect to (i) any and all taxes imposed by any applicable Law on, or allocable to, Assignor or any of its Affiliates, or any combined, unitary or consolidated group of which any of the foregoing is or was a member, (ii) any taxes imposed on or with respect to the ownership or operation of the Excluded Assets, and (iii) any and all other taxes imposed on or with respect to the ownership or operation of the Assets for any tax period (or portion thereof) ending before the Effective Time.

     1.3    <u>Habendum</u>.  TO HAVE AND TO HOLD, subject to the terms, exceptions and other provisions herein stated, the Assets unto Assignee and its successors and assigns forever.

# II.
## DISCLAIMERS

     2.1    <u>No Warranties</u>.  The conveyance of the Assets to Assignee is made without any warranty of title of any kind whatsoever, express, implied, or statutory, and without recourse, even as to the return of any consideration, but with full substitution and subrogation of Assignee, and all Persons claiming by, through and under Assignee, to the extent assignable, in and to all covenants and warranties by Assignor's predecessors-in-title and with full subrogation of all rights accruing under the statutes of limitation or prescription under the Laws of the State of Louisiana.

     2.2    <u>Further Disclaimers</u>.

    (a)    **EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN SECTION 12 OF THE AGREEMENT, ASSIGNOR MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, AND ASSIGNOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ASSIGNEE).  WITHOUT LIMITING THE GENERALITY OF THE**

FOREGOING PROVISIONS, ASSIGNOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE PROPERTIES, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE PROPERTIES, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE PROPERTIES, (VI) THE MAINTENANCE, STATE OF REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION, MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF ASSIGNOR OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO ASSIGNEE OR ANY BUYER REPRESENTATIVE IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THE AGREEMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT. ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS OR REDHIBITORY DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A PURCHASER UNDER LAW TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE OR CONSIDERATION, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT (A) ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS," "WHERE IS" AND WITH ALL FAULTS AND DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND (B) ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. ASSIGNOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS, AND NOTHING IN THIS ASSIGNMENT, IN THE AGREEMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY.

      (b)      **ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS <u>SECTION 2.2</u> ARE CONSPICUOUS DISCLAIMERS FOR THE PURPOSE OF ANY APPLICABLE LAW.**

      2.3    <u>Assumption by Assignee</u>.  Except to the extent such obligations or liabilities constitute Specified Obligations, Assignee assumes and hereby agrees to fulfill, perform, pay and discharge (or cause to be fulfilled, performed, paid or discharged) all of the obligations and liabilities with respect to the Assets, whether such obligations or liabilities arose prior to, on or after the Effective Time, including, but not limited to, any and all Plugging and Abandonment Obligations and Environmental Obligations.

# III.
# MISCELLANEOUS

      3.1    <u>Purchase and Sale Agreement; Sale Order</u>.  This Assignment is expressly made subject to the terms of that certain Purchase and Sale Agreement between Assignor and Assignee dated [_____] (the "*Agreement*") and that certain [Sale Order dated _____] (the "*Sale Order*").  The delivery of this Assignment shall not affect, enlarge, diminish, or otherwise impair any of the representations, warranties, covenants, conditions, indemnities, terms, or provisions of the Agreement or the Sale Order.  The representations, warranties, covenants, conditions, indemnities, terms, and provisions contained in the Agreement or the Sale Order shall not be merged with or into this Assignment but shall survive the execution and delivery of this Assignment to the extent, and in the manner, set forth in the Agreement and Sale Order, respectively.  In the event that any provision of this Assignment is construed to conflict with any provision of the Agreement, the provisions of the Agreement shall be deemed controlling to the extent of such conflict.  Any capitalized terms used but not defined in this Assignment shall have the meanings ascribed to those terms in the Agreement.

      3.2    <u>Successors and Assigns</u>.  The provisions of this Assignment shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

      3.3    **<u>GOVERNING LAW</u>.  EXCEPT TO THE EXTENT THE MANDATORY PROVISIONS OF THE BANKRUPTCY CODE APPLY, THIS ASSIGNMENT AND THE LEGAL RELATIONS BETWEEN ASSIGNOR AND ASSIGNEE HEREUNDER SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF LOUISIANA, EXCLUDING ANY CONFLICTS OF LAW RULE OR PRINCIPLE THAT MIGHT REFER CONSTRUCTION OF SUCH PROVISIONS TO THE LAWS OF ANOTHER JURISDICTION.**

      3.4    <u>Exhibits; Recordation</u>.  All exhibits attached hereto are hereby made a part hereof and incorporated herein by this reference.  References in such exhibits to instruments on file in the public records are notice of such instruments for all purposes.  Unless provided otherwise, all recording references in such exhibits are to the appropriate records of the parishes in which the Assets are located. To facilitate recordation, there may be omitted from the exhibits to this Assignment in certain counterparts descriptions of property located in recording jurisdictions other than the jurisdiction in which the particular counterpart is to be filed or recorded.

3.5     <u>Captions</u>.  The captions and article and section numbers in this Assignment are for convenience only and shall not be considered a part of or affect the construction or interpretation of any provision of this Assignment.  References in this Assignment to articles and sections are to articles and sections of this Assignment unless otherwise specified.

3.6     <u>Counterparts</u>.  This Assignment may be executed in one or more originals, but all of which together shall constitute one and the same instrument. Any signature delivered by a Party by facsimile or other electronic transmission shall be deemed an original signature hereto for all purposes.

*[Signatures & Acknowledgements Follow on Next Page]*

49

**IN WITNESS WHEREOF**, this Assignment has been executed by each of the Parties as of the dates of the acknowledgments below but shall be effective for all purposes as of the Effective Time.

<u>**ASSIGNOR:**</u>

**WEATHERLY OIL & GAS, LLC**

By: _____
        Dan W. Johnson, CEO

<u>Witnesses:</u>

_____

_____

<u>**ACKNOWLEDGEMENT**</u>

STATE OF _____           §
COUNTY OF _____           §

    This Assignment was acknowledged before me on this ___ day of August, 2019, by Dan W. Johnson, as CEO of **Weatherly Oil & Gas, LLC**, a Delaware limited liability company, on behalf of said company.

_____

Printed Name: _____

Notary Public for the State of _____
County of _____
Commission No: _____

My commission expires: _____

STATE OF_____           §
COUNTY OF_____           §

On this __ day of August, 2019, before me, the undersigned authority, personally appeared _____, to me known to be the person described in and who executed the foregoing instrument, in the capacity therein stated and acknowledged that he/she executed the same as his/her free act and deed.

_____

Printed Name: _____

50

Notary Public for the State of _____

County of _____

Commission No: _____

My commission expires: _____

STATE OF_____           §

COUNTY OF_____           §

On this ___ day of August, 2019, before me, the undersigned authority, personally appeared _____, to me known to be the person described in and who executed the foregoing instrument, in the capacity therein stated and acknowledged that he/she executed the same as his/her free act and deed.

_____

Printed Name: _____

Notary Public for the State of _____

County of _____

Commission No: _____

My commission expires: _____

      **IN WITNESS WHEREOF**, this Assignment has been executed by each of the Parties as of the dates of the acknowledgments below but shall be effective for all purposes as of the Effective Time.

**ASSIGNEE:**

**DEA BETHANY, L.L.C.**

By:_____

Name:_____

Title:_____

Witnesses:

_____

_____

## ACKNOWLEDGEMENTS

STATE OF _____                          §
COUNTY/PARISH OF _____          §

      This Assignment was acknowledged before me on this __ day of _____, 2019, by _____, as _____ of **DEA Bethany, L.L.C.**, a Louisiana limited liability company, on behalf of said company.

_____

Printed Name: _____
Notary Public for the State of _____
County of _____
Commission No: _____

  My commission expires: _____

STATE OF_____                          §
COUNTY/PARISH OF_____          §

On this __ day of August, 2019, before me, the undersigned authority, personally appeared _____, to me known to be the person described in and who executed the foregoing instrument, in the capacity therein stated and acknowledged that he/she executed the same as his/her free act and deed.

_____

Printed Name: _____
Notary Public for the State of _____
County of _____
Commission No: _____

  My commission expires: _____

STATE OF_____                          §
COUNTY/PARISH OF_____          §

On this __ day of August, 2019, before me, the undersigned authority, personally appeared _____, to me known to be the person described in and who executed the foregoing instrument, in the capacity therein stated and acknowledged that he/she executed the same as his/her free act and deed.

_____

Printed Name: _____
Notary Public for the State of _____
County of _____
Commission No: _____

  My commission expires: _____

## END OF EXHIBIT B

**Schedule 12(e)**

**Attached to and made part of that certain Purchase and Sale Agreement by and between
Weatherly Oil & Gas, LLC, as Seller, and DEA Bethany, L.L.C., as Buyer**

**Consents to Assign & Preferential Purchase Rights**

Consents to Assign:

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | Instrument No. | Parish | Sta |
|-----------|--------|--------|-----------|------|------|----------------|--------|-----|
| LA100240.000 | Caddo Parish Commission  20131 | Classic Petroleum Inc | 8/12/2009 | | | 2248285 | Caddo | LA |
| LA100241.000 | Caddo Parish Commission  20133 | Merit Energy Services | 8/12/2009 | | | 2248623 | Caddo | LA |
| LA100242.000 | Caddo Parish Commission  20134 | Classic Petroleum Inc | 8/12/2009 | | | 2248287 | Caddo | LA |
| LA100135.000 | Gayle B Mcfarland, et vir | Goodrich Petroleum Company LLC | 2/6/2007 | | | 2081637 | Caddo | LA |
| LA100031.002 | Justin C Owen | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2093008 | Caddo | LA |
| LA100031.003 | Nancy Ann Adams Williams | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2096014 | Caddo | LA |
| LA100010.001 | Richard H Evans, et ux | Delta Lands Exploration Inc | 5/19/2004 | | | 2161875 | Caddo | LA |
| LA100035.018 | Standard Wood Preservers | Goodrich Petroleum Company LLC | 4/11/2006 | | | 2034061 | Caddo | LA |
| LA100031.001 | Tyler E Adams Jr et al | Goodrich Petroleum Company LLC | 4/26/2007 | | | 2093922 | Caddo | LA |
| LA100256.006 | Manville Forest Products Corporation | Florida Exploration Company | 8/2/1983 | 520 | 465 | | De Soto | LA |
| LA100011.001 | Richard H Evans Et Ux | Delta Lands Exploration Inc | 5/19/2004 | 950 | 806 | 650028 | De Soto | LA |

Preferential Rights to Purchase:

1.  Farmout Agreement dated June 10, 2003, between Vernon E. Faulconer, Inc., Faulconer Energy Joint Venture-1990 and Faulconer Energy Limited Partnership, as Farmor, and Goodrich Petroleum Company, L.L.C., as Farmee, as same may have been amended or supplemented from time to time.

**END OF SCHEDULE 12(e)**

**<u>EXHIBIT 2</u>**

**CURE SCHEDULE**

**Bethany Longstreet - Amended Cure Schedule**

| AGREEMENT TYPE | FIRST PARTY | SECOND PARTY | DATE | CURE AMOUNT AS OF 8/20/2019 |
|---|---|---|---|---|
| FARMOUT AGREEMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 6/10/2003 | $0.00 |
| FARMOUT AGREEMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 6/10/2003 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 10/25/2005 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 5/25/2006 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 12/14/2006 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 1/16/2007 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 3/7/2008 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 7/7/2008 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 7/25/2009 | $0.00 |
| FARMOUT AGREEMENT AMENDMENT | VERNON E. FAULCONER INC. | GOODRICH PETROLEUM COMPANY LLC | 4/30/2010 | $0.00 |
| JOINT OPERATING AGREEMENT | GOODRICH PETROLEUM COMPANY LLC | MALLOY ENERGY COMPANY LLC | 8/19/2003 | $0.00 |
| JOINT OPERATING AGREEMENT | GOODRICH PETROLEUM COMPANY LLC | KWF OIL | 8/19/2003 | $0.00 |
| JOINT OPERATING AGREEMENT | GOODRICH PETROLEUM COMPANY LLC | MALLOY ENERGY COMPANY LLC | 8/19/2003 | $0.00 |
| GAS GATHERING AGREEMENT | STATELINE GATHER SYSTEM, LLC | GOODRICH PETROLEUM COMPANY LLC | 5/1/2009 | $0.00 |
| SALE AND PURCHASE OF NATURAL GAS | TEXLA ENERGY MANAGEMENT, INC | WEATHERLY OIL & GAS, LLC | 9/5/2006 | $0.00 |
| COMPRESSOR AGREEMENTS | J-W POWER COMPANY | WEATHERLY OIL & GAS, LLC | 10/1/2017 | $38,916.22 |
| SALT WATER DISPOSAL LEASE | GARY B. MCFARLAND AND CYNTHIA D. MCFARLAND | WEATHERLY OIL & GAS, LLC | 1/1/2013 | $3,000.00 |